**STATE of Utah, Plaintiff and Appellee,**

v.

**Edward F. LAVOTO, Defendant and Appellant.**

No. 870489.

Supreme Court of Utah.

June 30, 1989.

David L. Wilkinson, Barbara Bearnson, Jim Cope, Salt Lake City, for plaintiff and appellee.

Walter F. Bugden, Jr., Salt Lake City, for defendant and appellant.

STEWART, Justice:

This case is here on an interlocutory appeal to review the district court's ruling that a statute of limitations enacted in 1983 did not bar criminal charges against the

defendant for two alleged acts of sodomy on a child and two acts of rape of a child.[1]

The alleged acts occurred between January 1, 1980, and December 31, 1982, and were not reported to law enforcement officials until November 7, 1986, some four to seven years later. Criminal charges were instituted against the defendant by the filing of an information on February 18, 1987, more than four years after the last offense charged. Until 1983, the statute of limitations applicable to the crimes charged was four years. Utah Code Ann. § 76–1–302(1)(a) (1978). Thus, under that provision, the charges against the defendant were time barred.

However, on March 9, 1983, the Legislature enacted H.B. 209, 1983 Utah Laws ch. 88, and it became effective May 10, 1983. Among other changes and additions made to the criminal code, H.B. 209 amended the statute of limitations provision by adding subparagraph (c) to § 76–1–303, which prescribes exceptions to the general limitations periods. The pertinent part of § 76–1–303 now reads:

> If the period prescribed in subsection 76–1–302(1) has expired, a prosecution may nevertheless be commenced for:
>
> . . . .
>
> (c) Rape of a child, object rape of a child, sodomy upon a child, or sexual abuse of a child within one year after the report of the offense to law enforcement officials, so long as no more than eight years has elapsed since the commission of the offense.

The issue, therefore, is whether § 76–1–303(c) extends the statute of limitations to eight years so that the crimes charged can be prosecuted even though they occurred more than four years prior to the filing of charges.

We are concerned solely with the language of the statute and whether the Legislature intended the eight-year period enacted in 1983 to apply retroactively to the crimes of sodomy and rape committed on a child prior to the enactment of § 76–1–303(c), even though only a four-year statute of limitations applied to such crimes until May 10, 1983. The defendant argues that the eight-year limitation was intended to apply only to those crimes created by the new legislation. Those crimes are denominated "rape of a child," "object rape of a child," "sodomy on a child," and "sexual abuse of a child." Utah Code Ann. §§ 76–5–402.1, –402.3, –403.1, –404.1 (Supp. 1989).

■ A statute of limitations that is created in the same act which establishes a new or revised definition of a crime is deemed applicable to those crimes included in the same act unless the Legislature clearly provides otherwise. That view is supported by Utah Code Ann. § 68–3–3 (1986), which states, "No part of these revised statutes is retroactive, unless expressly so declared." That section has particular force in criminal cases.

■ Our conclusion that the eight-year period applies only to the crimes as specified in the 1983 act is supported by the language of the 1983 act itself. Prior to 1983, there were no crimes in the code designated "rape of a child," "object rape of a child," "sodomy upon a child," or "sexual abuse of a child." In each instance where a child was a victim, the charge would have been made under the generic crimes of rape, sodomy, or sexual abuse as defined by the more general provisions in the criminal code. The same bill that enacted § 76–1–303(c), which describes the new limitations period, also enacted the more specifically described crimes against

---

1. The defendant was initially charged under the provisions of the 1983 amendments to the code with one count of sexual abuse of a child, four counts of sodomy on a child, and two counts of rape of a child. He was bound over to the district court on two counts of sodomy on a child and two counts of rape of a child. With respect to Lovato's motion to dismiss the information, the trial court held the eight-year statute of limitations to be retroactive and applicable to the defendant but also held that the punishments created by the 1983 statute were inapplicable. The State subsequently amended the information to charge the offenses of rape and forcible sodomy under the pre–1983 code sections. Utah Code Ann. § 76–5–402 & § 76–5–403 (1978) (amended 1983).

children, as mentioned above. *See* Utah Code Ann. § 76–5–402.1 (rape of a child); § 76–5–402.3 (object rape of a child); § 76–5–403.1 (sodomy on a child); § 76–5–404.1 (sexual abuse of a child) (Supp.1989). *See* 1983 Utah Laws ch. 88, §§ 18, 20, 22, 24. The "new" crimes of rape of a child and sodomy on a child, the charges in this case, were each made a first degree felony, as they were under the old law, but greatly enhanced punishment provisions were established.

The same bill that established the newly designated crimes also enacted a statute of limitations to apply to them. It is clear from the language of the first sentence of Section 1 of H.B. 209 that it was intended to incorporate the general four-year statute of limitations. That sentence begins, "If the period prescribed in subsection § 76–1–302(1) [i.e., the four-year period] has expired...." 1983 Utah Laws ch. 88, § 1. Thus, an action based upon one of the newly designated crimes must be commenced within the four-year period, except that § 76–1–303(c) extends the statute of limitations for specifically enumerated offenses to a total of eight years from the "alleged commission of the offense," only if the action was commenced "within one year after the report of the offense to law enforcement officials." *Id.* In using the exact names of the crimes in § 76–1–303(c), which the Legislature established in H.B. 209 for the specific protection of children, the Legislature intended the eight-year statute of limitations established in § 76–1–307(c) to apply only to the newly designated offenses and not to the standard, generic crimes of rape and sodomy which provided a basis for prosecution prior to 1983 in cases in which the victims were children. A contrary conclusion would raise constitutional questions, which the Legislature no doubt sought to avoid.

Furthermore, after the 1983 amendments, the "generic" crime of sodomy spe-cifically excluded victims under fourteen years of age. Utah Code Ann. § 76–5–403 (Supp.1989). However the generic crime of rape was not amended to exclude its application to children, even though a new crime of "rape of a child" had also been enacted. Therefore, in 1987, when the information in this case was filed, the State could *not* have filed under the generic sodomy provision of the code then in effect, and had it sought to file under the generic rape statute, it would have confronted a difficult question of statutory construction, i.e., which of the two rape provisions it was entitled to file under.

The State argues that the language of § 76–1–303(c) does not limit the eight-year period to the specific crimes created by the new provisions because the new limitations provision does not use the language "rape of a child, *pursuant to § 76–5–402.1*" or "sodomy on a child, *pursuant to § 76–5–403.1*," etc. The State concludes, therefore, that had the Legislature intended the new statute of limitations to apply only to § 76–5–402.1, § 76–5–402.3, § 76–5–403.1, and § 76–5–404.1, it would have used the type of language the State suggests. The reason the Legislature did not specifically refer to the statutory provisions by section number is because it referred to the crimes by their new names, an equally precise reference. There was, therefore, no need to refer to the numerical statutory designations.

Furthermore, H.B. 209 expressly amended the generic sodomy crimes, and arguably amended the generic rape crime, to make them inapplicable to victims under the age of fourteen. Thus, the eight-year statute of limitations could not have applied to a charge filed under one of the general or generic crimes, since by definition, the limitations provision would not have applied because the generic crimes

are not named in § 76–1–303(c). Thus, the four-year statute of limitations would have applied in that case, and not the eight-year provision.[2]

Reversed and remanded.

2. We recognize that the Legislature could have extended the eight-year statute of limitation to the specified crimes which were committed prior to 1983 without running afoul of the ex post facto prohibition in the Utah and United States constitutions. *State v. Norton,* 675 P.2d 577, 586 (Utah 1983), *cert. denied,* 466 U.S. 942, 104 S.Ct. 1923, 80 L.Ed.2d 470 (1984), *overruled on other grounds, State v. Hansen,* 734 P.2d 421 (Utah 1986).

HALL, C.J., HOWE, Associate C.J., and DURHAM and ZIMMERMAN, JJ., concur.