2001 UT 102

**STATE of Utah, Plaintiff and Appellee,**

v.

**Karl L. LUSK, Defendant and Appellant.**

No. 20000378.

Supreme Court of Utah.

Dec. 7, 2001.

Mark L. Shurtleff, Att'y Gen., J. Frederic Voros, Jr., Asst. Att'y Gen., Salt Lake City, and Scott L. Wyatt, Logan, for plaintiff.

Brian R. Florence, Ogden, for defendant.

RUSSON, Associate Chief Justice:

¶1 The State charged defendant Karl L. Lusk ("Lusk") with six counts of aggravated sexual abuse of a child in violation of Utah Code Ann. § 76-5-404.1(3) (1999). Lusk moved the district court to dismiss all six counts on the ground that the counts were time-barred by the statute of limitations. The district court ruled that the statute of limitations had not expired and denied the motion to dismiss. We granted Lusk's petition for permission to appeal the district court's interlocutory order denying his motion to dismiss. We reverse and remand.

## BACKGROUND

¶2 Between August 1983 and May 1984, two sisters, N.H. and H.H., respectively five and six years old at that time, attended daycare in the home of Lusk's mother. While the girls attended daycare in the home, Lusk allegedly sexually assaulted them and showed them pornography.

¶3 Several years later, while teenagers, the girls divulged the alleged sexual abuse to their mother. Neither the girls nor the girls' mother reported the abuse to law enforcement at that time.

¶4 Then, in October 1999, the girls' mother learned from a radio news report that Lusk was being sentenced for exposing himself. After discussing Lusk's sentencing with her daughters, the mother reported the earlier purported sexual abuse to the police.

¶5 On December 20, 1999, less than three months after the alleged sexual abuse was reported to law enforcement, the State charged Lusk with six counts of aggravated sexual abuse of a child, a first degree felony, in violation of Utah Code Ann. § 76-5-404.1(3) (1999). The State alleged that the offenses occurred in August 1983.

¶6 The State filed an amended information on January 5, 2000, claiming that the offenses actually occurred between August 1983 and April 1984. Lusk moved to dismiss, asserting that the statute of limitations had run. On April 20, 2000, the district court denied Lusk's motion to dismiss, ruling that the statute of limitations had not run.

¶7 On May 4, 2000, Lusk petitioned this court for permission to appeal the district court's interlocutory order denying the motion to dismiss, and we granted the petition. On May 8, 2000, subsequent to Lusk's petition but before we ruled on the petition, the State filed a second amended information with the district court, realleging the six

original counts of aggravated sexual abuse of a child, but also, in the alternative of each count, alleging sexual abuse of a child, a second degree felony in violation of section 76–5–404.1(1) (1999).

¶ 8 On appeal, Lusk argues that as to the first degree *aggravated sexual abuse of a child* charges, the statute of limitations set forth in section 76–1–302(1)(a) (1978) barred prosecution of such charges since they were not filed *within four years after the alleged crimes were committed,* as required by the statute. Additionally, as to the charges of second degree *sexual abuse of a child,* Lusk argues that the statute of limitations set forth in section 76–1–303(c) (1983) barred prosecution.

¶ 9 The issues before this court are (1) which statute of limitations applied to aggravated sexual abuse of a child when Lusk allegedly committed the criminal acts; (2) whether a subsequent amendment extending that limitations period applies retroactively to permit the State to commence a prosecution of Lusk on December 20, 1999; and (3) whether the applicable statute of limitations has run.

## STANDARD OF REVIEW

¶ 10 We review the district court's legal conclusions for correctness. *State v. Galli,* 967 P.2d 930, 933 (Utah 1998). When reviewing legal conclusions for correctness, we grant "no deference to the district [court's] legal determinations." *Meadowbrook, LLC v. Flower,* 959 P.2d 115, 116 (Utah 1998).

¶ 11 In this case, the determination of which limitations period applies to aggravated sexual abuse of a child is a matter of statutory interpretation, and a court's interpretation of a statute is a legal conclusion to be reviewed for correctness. *State v. McGee,* 2001 UT 69, ¶ 6, 31 P.3d 531; *State v. Burns,* 2000 UT 56, ¶ 15, 4 P.3d 795; *see also Quick Safe–T Hitch, Inc. v. RSB Sys. L.C.,* 2000 UT 84, ¶ 10, 12 P.3d 577. Also, the determination of whether an amendment to a statutory limitations period operates retroactively "is a question of statutory construction, a question of law reviewed by this court under a 'correction of error' standard." *Brown & Root*

*Indus. Serv. v. Indus. Comm'n,* 947 P.2d 671, 675 (Utah 1997); *see also Evans & Sutherland Computer Corp. v. State Tax Comm'n,* 953 P.2d 435, 437 (Utah 1997) ("Whether a statute operates retroactively is a question of law, which [an appellate court reviews] for correctness. . . ."). Furthermore, whether the statute of limitations has run is a legal conclusion to be reviewed for correctness. *See Estes v. Tibbs,* 1999 UT 52, ¶ 4, 979 P.2d 823 ("The trial court's application of a statute of limitations presents a question of law [that] we review for correctness." (citing *Julian v. State,* 966 P.2d 249, 252 (Utah 1998))).

## ANALYSIS

### I. STATUTES OF LIMITATION

#### A. Statutory History

¶ 12 A review of the history of the relevant statutes is necessary in order to place the issues on appeal in proper perspective.

¶ 13 Before 1983, the Utah Criminal Code did not specifically proscribe any sexual acts against children. Sexual crimes against children had to be charged under the general statutory crimes of rape, sodomy, or sexual abuse. These crimes were covered by the four-year catchall statute of limitations of section 76–1–302(1)(a) (1978) applicable to all felonies that were not otherwise covered by a crime-specific limitations period. *See State v. Lavoto,* 776 P.2d 912, 913 (Utah 1989) (noting that until 1983 catchall statute of limitations of section 76–1–302(1)(a) was applicable to all sexual crimes against children). The 1978 version of that statute provides:

> (1) Except as otherwise provided in this part, prosecutions for other offenses are subject to the following periods of limitation:
>
> (a) A prosecution for a felony must be commenced within four years after it is committed. . . .

Utah Code Ann. § 76–1–302(1)(a) (1978)[1] (hereinafter "four-year catchall statute of limitations").

¶ 14 In 1983, the Utah Legislature enacted section 76–5–404.1, which defined the crime of "sexual abuse of a child." According to that section, a person committed sexual abuse of a child if "the actor touche[d] the

---

1. Although the Utah Legislature has made stylis-  tic changes to section 76–1–302(1)(a), the four-

anus, buttocks, or genitalia of a child, ... or touche[d] the breast of a female child ... with intent to cause substantial emotional or bodily pain to any person or with the intent to arouse or gratify the sexual desire of any person." Utah Code Ann. § 76–5–404.1(1) (1983). In addition, sexual abuse of a child was subject to minimum mandatory imprisonment terms if the crime was committed under certain enumerated circumstances, e.g., using a weapon, using force, causing bodily injury or severe psychological injury, or involving pornography. *Id.* § 76–5–404.1(3) (1983). In conjunction with the enactment of that section, the legislature created a new statute of limitations to apply to the crime of sexual abuse of a child. This statute of limitations allowed prosecution of the crime within one year after the report of the offense to law enforcement, so long as the prosecution was commenced within eight years after the alleged commission of the offense. Utah Code Ann. § 76–1–303(c) (1983). Section 76–1–303(c), as enacted in 1983, read in pertinent part:

> If the period prescribed in subsection 76–1–302(1) has expired, a prosecution may nevertheless be commenced for:
>
> ....
>
> (c) Rape of a child, object rape of a child, sodomy upon a child, or *sexual abuse of a child* within one year after the report of the offense to law enforcement officials, *so long as no more than eight years has elapsed since the alleged commission of the offense.*

*Id.* (emphasis added) (hereinafter "eight-year statute of limitations").

¶ 15 Subsequently, in early 1984, the legislature amended section 76–5–404.1 (1983) to define the crime of "aggravated sexual abuse of a child." *Id.* § 76–5–404.1(3) (1984). Aggravated sexual abuse of a child was defined as all sexual abuse of a child formerly subject to the minimum mandatory imprisonment terms. All other sexual abuse perpetrated against children remained under the rubric "sexual abuse of a child." *See id.* § 76–5–

404.1(1) (1984). However, the legislature did not alter or amend section 76–1–303(c) to explicitly make the eight-year statute of limitations applicable to aggravated sexual abuse of a child. *See id.* § 76–1–303(c) (1983) (amended 1991). Indeed, the legislature did not specify any other limitations period to apply to aggravated sexual abuse of a child.

¶ 16 In 1991, the legislature amended section 76–1–303(c),[2] replacing the eight-year statute of limitations with a limitations period permitting prosecution of sexual abuse of a child anytime "within four years after the report of the offense to a law enforcement agency." *Id.* § 76–1–303(3) (1991) (hereinafter "four years after report statute of limitations"). Finally, in 1996, the Utah Legislature amended section 76–1–303.5 to specifically enumerate aggravated sexual abuse of a child in the list of crimes to which the four years after report statute of limitations was applicable. *Id.* § 76–1–303.5 (1996).

### B. Aggravated Sexual Abuse of a Child

¶ 17 At issue in this interlocutory appeal is whether the district court correctly denied Lusk's motion to dismiss by ruling that the statute of limitations did not bar prosecution of Lusk for aggravated sexual abuse of a child.

#### 1. Applicable Statute of Limitations

¶ 18 To determine whether the district court correctly concluded that the statute of limitations has not run to bar prosecution of Lusk for aggravated sexual abuse of a child, we must first determine which statute of limitations applied to aggravated sexual abuse of a child when Lusk allegedly committed the crimes, *Featherstone v. Schaerrer*, 2001 UT 86, n. 2, 34 P.3d 194 ("we apply the law as it existed at the time of the violation charged"), and then determine if that limitations period expired before the State charged Lusk.[3]

¶ 19 The determination of which statute of limitations applied to aggravated

---

year catchall statute of limitations has remained substantively unchanged at all times relevant to this appeal.

**2.** In 1991, the legislature also renumbered section 76–1–303(c) as section 76–1–303(3). Then,

in 1995, the legislature recodified subsection (3) of section 76–1–303 as section 76–1–303.5.

**3.** Lusk argues that the four-year catchall statute of limitations applies to bar prosecution of him for aggravated sexual abuse of a child because no

sexual abuse of a child at the time that Lusk allegedly sexually abused the girls is a question of statutory interpretation. "[O]ur primary goal in interpreting statutes is to give effect to the legislative intent, as evidenced by the plain language, in light of the purpose the statute was meant to achieve. We need look beyond the plain language only if we find some ambiguity." *State v. Burns*, 2000 UT 56, ¶ 25, 4 P.3d 795 (citations omitted); *see also Dairy Prod. Servs., Inc. v. City of Wellsville*, 2000 UT 81, ¶ 20, 13 P.3d 581. In other words, "only if there is ambiguity [in a statute] do we look beyond the plain language to legislative history or policy considerations." *Vigos v. Mountainland Builders, Inc.*, 2000 UT 2, ¶ 13, 993 P.2d 207 (citing *Olsen v. McIntyre Inv. Co.*, 956 P.2d 257, 259 (Utah 1998)).

¶ 20 In the instant case, no ambiguity inheres in the statute. Indeed, the statute in question, section 76–1–303(c), as enacted in 1983, explicitly named the crimes to which the eight-year statute of limitations set forth therein applied. *See* Utah Code Ann. § 76–1–303(c) (1983).[4]

¶ 21 In 1983 and 1984 when Lusk allegedly sexually abused N.H. and H.H., the eight-year statute of limitations set forth in section 76–1–303(c) applied to sexual abuse of a child, but did *not explicitly* apply to aggra-

vated sexual abuse of a child. We held in *State v. Lavoto* that the eight-year statute of limitations "applie[d] only to the crimes … specified in" section 76–1–303(c). 776 P.2d 912, 913 (Utah 1989). We noted that our conclusion was "supported by the language of [the statute] itself" because the legislature specified "the exact names of the crimes in [section] 76–1–303(c)" to which the legislature intended the eight-year statute of limitations to apply. *Id.* at 913–14. We decline to depart from our conclusion in *Lavoto* that the eight-year statute of limitations applied only to the crimes specifically named in the statute.

¶ 22 In 1983, when Lusk allegedly began sexually abusing the girls, aggravated sexual abuse of a child had not yet been statutorily created as a crime in Utah. Then, in 1984, when the Utah Legislature created the crime of aggravated sexual abuse of a child, it did not simultaneously amend section 76–1–303(c) to specifically make the eight-year statute of limitations, which was already explicitly applicable to sexual abuse of a child, applicable to aggravated sexual abuse of a child.[5] According to the plain language of the statute as it read in 1983 and 1984, aggravated sexual abuse of a child was not expressly named in section 76–1–303(c), and therefore, the eight-year statute of limitations did not apply to the crime.[6]

crime-specific statute of limitations applies. Conversely, the State contends that the four years after report statute of limitations is applicable to aggravated sexual abuse of a child in this case and has not run. Because the four years after report statute of limitations was not enacted until 1991, that limitations period would apply to the aggravated sexual abuse of a child charges against Lusk only if (1) the eight-year statute of limitations applied to the crime when it was committed and (2)· the 1991 amendment supplanting the eight-year statute of limitations with the four years after report statute of limitations applied retroactively.

4. Although the statute in question—section 76–1–303(c) (1983), which was later renumbered in 1991 as section 76–1–303(3) and recodified in 1995 as section 76–1–303.5—was amended in both 1991 and 1995, the language has always specifically named the crimes to which it has been and is applicable. The language of the statute in question has never been ambiguous with respect to the crimes to which the eight-year, and subsequently, the four years after re-

port statutes of limitations have been and are applicable.

5. Even in 1991 when the legislature amended the statute, supplanting the eight-year statute of limitations with the four years after report statute of limitations, the legislature still did not expressly provide that aggravated sexual abuse of a child was covered by the statute's limitations period. It was not until 1996 that the legislature explicitly named aggravated sexual abuse of a child as one of the crimes to which the four years after report statute of limitations applied. Nevertheless, the 1991 amendment is irrelevant to this case because, as we hold in this opinion, the statute of limitations ran in 1988, precluding retroactive application of the 1991 amendment. *See infra* part I.A–B.

6. Indeed, if the legislature believed that the enumeration of sexual abuse of a child also implicitly included aggravated sexual abuse of a child, then the 1996 amendment expressly enumerating aggravated sexual abuse of a child in the list of crimes to which the four years after report statute of limitations applied would have been superfluous and unnecessary.

¶ 23 Furthermore, when the legislature enacted the statute defining the crime of aggravated sexual abuse of a child in 1984, the legislature did not specify that any other limitations period applied to the crime. By not specifying that a particular statute of limitations applied to aggravated sexual abuse of a child, the legislature tacitly mandated that the four-year catchall statute of limitations applied to the crime. *See* Utah Code Ann. § 76–1–302(1)(a) (1978). Section 76–1–302(1)(a), as it existed in 1983, provided in pertinent part:

(1) *Except as otherwise provided* in this part, prosecutions for other offenses are subject to the following periods of limitation:

(a) A prosecution for a felony must be commenced within four years after it is committed. . . .

Utah Code Ann. § 76–1–302(1)(a) (1978) (emphasis added). The plain language of section 76–1–302(1)(a) as it read in 1983 was clear that unless an exception to this four-year catchall statute of limitations was "otherwise provided," a felony would be subject to the four-year catchall statute of limitations. *Id.* In fact, we recognized in *Lavoto* that the crime-specific limitations periods of section 76–1–303(c) acted only as an exception to the four-year catchall statute of limitations and crimes not specifically enumerated therein were covered by the four-year catchall statute of limitations. 776 P.2d at 914; *see also* Utah Code Ann. §§ 76–1–302(1)(a) (1978), –303(c) (1983).

¶ 24 Because section 76–1–303(c) (1983) did not explicitly include aggravated sexual abuse of a child in the list of crimes to which the eight-year statute of limitations applied—and no other limitations period explicitly applied to aggravated sexual abuse of a child—we conclude that according to section 76–1–302(1)(a) (1978), the four-year catchall statute of limitations was the proper limitations period for the crime. Accordingly, inasmuch as the State alleged that Lusk committed the aggravated sexual abuse of a child between August 1983 and April 1984, the four-year catchall statute of limitations would have expired in April 1988 at the latest, precluding the State from subsequently charging Lusk with aggravated sexual abuse of a child. Utah Code Ann. § 76–1–302(1)(a) (1978).

Because the State did not charge Lusk with aggravated sexual abuse of a child until December 20, 1999, more than eleven years after the four-year catchall statute of limitations expired, the statute of limitations bars the charges unless we determine that an extension of the applicable limitations period should be applied retroactively.

2. Retroactive Application

¶ 25 The State contends that the legislature's 1996 amendment of section 76–1–303.5, which added aggravated sexual abuse of a child to the list of crimes specifically covered by the four years after report statute of limitations, applies retroactively so that the State can now charge Lusk with aggravated sexual abuse of a child for his alleged sexual abuse occurring between August 1983 and April 1984. We conclude, however, that the State could not charge Lusk in December 1999 with aggravated sexual abuse of a child for acts that occurred in 1983 and 1984 because the applicable four-year catchall statute of limitations expired before the 1996 amendment became effective.

¶ 26 We hold that a statutory amendment enlarging a statute of limitations will extend the limitations period applicable to a crime already committed only if the amendment becomes effective before the previously applicable statute of limitations has run, thereby barring prosecution of the crime. In other words, no subsequent amendment of a statute that enlarges a limitations period can resurrect the State's ability to prosecute a crime already barred because of the running of the statute of limitations.

¶ 27 "It is a long-standing rule of statutory construction that a legislative enactment which alters the substantive law or affects vested rights will not be read to operate retrospectively unless the legislature has clearly expressed that intention." *Madsen v. Borthick*, 769 P.2d 245, 253 (Utah 1988); *accord Evans & Sutherland Computer Corp. v. State Tax Comm'n*, 953 P.2d 435, 437 (Utah 1997); *Roark v. Crabtree*, 893 P.2d 1058, 1061 (Utah 1995). Nevertheless, where such specific legislative intent is absent, a statute may be applied retroactively if it is procedur-

al in nature and does not enlarge or eliminate vested rights. *Evans & Sutherland,* 953 P.2d at 437–38; *see also Brown & Root Indus. Serv. v. Indus. Comm'n,* 947 P.2d 671, 675 (Utah 1997); *State ex rel. Kirby v. Jacoby,* 1999 UT App 52, ¶ 10, 975 P.2d 939.

¶ 28 Amendments to statutes that extend limitations periods may be applied retroactively under appropriate circumstances. We have previously stated, "Statutes of limitations are essentially procedural in nature and ... do not abolish a substantive right to sue...." *Lee v. Gaufin,* 867 P.2d 572, 575 (Utah 1993). Because statutes of limitations are procedural in nature, a legislative amendment enlarging a limitation period may be applied retroactively to crimes committed before the amendment where the limitations defense has not accrued to the defendant before the amendment becomes effective. *See Roark,* 893 P.2d at 1061; *see also State v. Norton,* 675 P.2d 577, 586 (Utah 1983) (dictum), *overruled on other grounds by State v. Hansen,* 734 P.2d 421, 424–28 (Utah 1986); *Jacoby,* 1999 UT App 52 at ¶ 13, 975 P.2d 939.

¶ 29 Conversely, a legislative enactment extending a statute of limitations will not be retroactively applied to a crime committed if prosecution of that crime would already be precluded by the running of the previously applicable statute of limitations. *See Roark,* 893 P.2d at 1062 ("[A]n act increasing the period of limitation could not operate to affect or renew a cause of action already barred."). In sum, we reiterate what we said in *Del Monte Corp. v. Moore:*

> The general and well-established principle of law is that statutes prescribing limitations relate to remedies; and that the legislature has power to increase the time in which an action may be brought. In that connection it should be observed that if the statute has run on a cause of action, so that it is dead, it cannot be revived by any such statutory extension. But if the cause of action is still alive, the new enactment can extend the time in which it may be brought.

580 P.2d 224, 225 (Utah 1978) (footnotes omitted). We believe that this language from *Del Monte* regarding civil actions similarly applies to criminal prosecutions.

¶ 30 Moreover, although statutes of limitation may be procedural in nature, a statutory amendment extending a statute of limitations will not be applied retroactively when it eliminates a vested right. *Jacoby,* 1999 UT App 52 at ¶ 10. We have consistently held that once the statute of limitations has run in a particular case, a defendant has a vested right to rely on the limitations defense, which right cannot be rescinded by subsequent legislation extending a limitations period.[7] *DOIT, Inc. v. Touche, Ross & Co.,* 926 P.2d 835, 851 (Utah 1996); *Roark,* 893 P.2d at 1063; *see also* 51 Am.Jur.2d *Limitation of Actions* § 44 (1970) ("[A]fter a cause of action has become barred by the statute of limitations the defendant has a vested right to rely on that statute as a defense."). If we permitted a legislative enactment to be applied retroactively to extend the statute of limitations after the limitations period previously applicable to a committed crime had already run, then the defendant's vested right to rely on a limitations defense would be eliminated. Otherwise, the statute of limitations would only imperfectly bar prosecution of a crime to which the limitations period had expired because a subsequent legislative extension of the statute of limitations would resurrect that dead crime, solely upon the whim and vagary of the legislature. Such a result would be untenable. Hence, we hold that once the statute of limitations has run on a crime committed, precluding prosecution of the crime, it is forever barred and a defendant's vested right to rely on that limitations defense cannot be eliminated by subsequent legislative action.

¶ 31 In the instant case, the statute amending section 76–1–303.5 to include aggravated sexual abuse of a child was enacted approximately eight years after the four-year catch-all statute of limitations had run with respect

---

7. Although the cases cited are civil, we believe a criminal defendant facing incarceration or other severe criminal sanctions has at the very least an interest in the statute of limitations as a defense commensurate with, if not superior to, a civil defendant's vested interest in a limitations defense.

to charging Lusk with aggravated sexual abuse of a child for his actions in 1983 and 1984. As discussed above, the four-year catchall statute of limitations ran on that crime in April 1988. The amendment of section 76-1-303.5, which specifically provided that the four years after report statute of limitations was applicable to aggravated sexual abuse of a child, was not effective until 1996. Simply put, the 1996 amendment went into effect too late to resurrect the charges that could have only been brought against Lusk by April 1988. Therefore, we conclude that no statutory amendment became effective before the four-year catchall statute of limitations ran in April 1988, thereby precluding the State from charging Lusk with aggravated sexual abuse of a child after that date. Because the State charged Lusk with the crime in December 1999, the State filed the charges after the statute of limitations expired, and the charges should have been dismissed.

### C. Sexual Abuse of a Child

¶ 32 In this interlocutory appeal, we decline to decide which statute of limitations is applicable to second degree sexual abuse of a child. This question is beyond the scope of review for which we granted Lusk's petition for this interlocutory appeal. See State v. Redd, 1999 UT 108, ¶ 9, 992 P.2d 986 (explaining that appellate courts will address only issues actually appealed from lower courts). This appeal was granted to address only whether the district court erred in denying Lusk's motion to dismiss. The State did not file sexual abuse of a child charges against Lusk until after the district court decided Lusk's motion to dismiss.[8]

¶ 33 Moreover, the thrust of Lusk's argument in his brief concerned the application of the statute of limitations to aggravated sexual abuse of a child rather than to second degree sexual abuse of a child. Although the State addressed the issue in its brief, the issue was never properly before us, and we therefore decline to address it.

8. In fact, Lusk petitioned this court for permission to file this interlocutory appeal before the State filed the second amended information that

### II. JUVENILE STATUS

¶ 34 Further, Lusk argues that he cannot be found culpable for any of the charges filed in the district court if any of the actions allegedly resulting in those charges occurred between August 1, 1983, and August 18, 1983, when Lusk was still a minor. However, we will not reach this issue. It is beyond the scope of review for which this court granted Lusk's interlocutory appeal. Further, this issue was not adequately briefed, researched, or presented, and as we have held on numerous occasions, "we will not address issues not adequately briefed." MacKay v. Hardy, 973 P.2d 941, 948 (Utah 1998); see also Brewer v. Denver & Rio Grande W.R.R., 2001 UT 77, n. 4, 31 P.3d 557 ("[T]his court 'is not simply a depository in which the appealing party may dump the burden of argument and research.'" (quoting State v. Bishop, 753 P.2d 439, 450 (Utah 1988))). Therefore, we remand without addressing this issue.

### CONCLUSION

¶ 35 We conclude that the district court erred by denying Lusk's motion to dismiss. The crime of aggravated sexual abuse of a child was subject to the four-year catchall statute of limitations when Lusk allegedly sexually abused the girls. Because Lusk's alleged acts of aggravated sexual abuse occurred in 1983 and 1984, commencing the running of the four-year statute of limitations, the limitations period expired no later than April 1988. No subsequent amendment to the applicable statute of limitations applied retroactively. Therefore, the six counts of aggravated sexual abuse of a child should have been dismissed.

¶ 36 We therefore reverse and remand to the district court to dismiss the six counts of aggravated sexual abuse of a child on statute of limitations grounds. Additionally, we remand to the district court to determine the other issues that are not properly before us on interlocutory appeal.

¶ 37 Chief Justice HOWE, Justice DURHAM, Justice DURRANT, and Justice WIL-

added the charges of second degree felony sexual abuse of a child.

KINS concur in Associate Chief Justice RUSSON's opinion.