2002 UT 111

**STATE of Utah, Plaintiff and Appellee,**

v.

**Jeffrey Alan BYRUM, Defendant and Appellant.**

**No. 20010410.**

Supreme Court of Utah.

Nov. 19, 2002.

Mark L. Shurtleff, Att'y Gen., Jeffrey T. Colemere, Asst. Att'y Gen., Salt Lake City, for plaintiff.

Catherine E. Lilly, Salt Lake City, for defendant.

WILKINS, Justice:

¶ 1 Appellant Jeffrey Alan Byrum ("Byrum") challenges the trial court's interpretation of section 77–16a–201(2) of the Utah Code (Supp.2001), the guilty and mentally ill ("GAMI") probation statute. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶ 2 In June of 1993, Byrum was charged by information with four counts of sodomy upon a child and one count of sexual abuse of a child. Byrum pled guilty and mentally ill to one count of attempted sodomy on a child, a first degree felony, in violation of Utah Code sections 76–4–102 and 76–5–403.1 (1990). On July 19, 1994, Byrum was sentenced to a prison term of five years to life, which was stayed, and the defendant was placed on probation for life.

¶ 3 Over six years later, Byrum was charged with violating the terms of his probation. He admitted the violation, and his probation was revoked and reinstated. Three months later, on December 11, 2000, Byrum was again charged with probation violations. In a motion to dismiss, Byrum challenged the jurisdiction of the court, arguing that his probation had terminated by operation of law. The trial court denied his motion, concluding that the governing statute did not set a five-year limit upon a GAMI defendant's probation when the offense carries a potential life sentence. Byrum then petitioned this Court for interlocutory review, which was denied. On March 19, 2001, Byrum admitted the second violation. The trial court ordered his probation revoked and reinstated; the trial court also reaffirmed its previous ruling, holding, in essence, that it continued to have jurisdiction over the defendant. Byrum appeals that final order.

## STANDARD OF REVIEW

¶ 4 The issue of whether the trial court properly interpreted the GAMI probation statute is a question of law which we review for correctness. *See, e.g., State v. Lusk*, 2001 UT 102, ¶ 11, 37 P.3d 1103.

## ANALYSIS

¶ 5 Title 77, chapter 16a of the Utah Code addresses the commitment and treatment of the mentally ill, and section 77–16a–201 specifically governs the terms of probation for GAMI defendants. Utah Code Ann. § 77–16a–201 (Supp.2001).[1] Subsection (2) states that "[t]he period of probation may be for no less than five years, or until the expiration of the defendant's sentence, whichever occurs first." § 77–16a–201(2).

¶ 6 Byrum argues that, pursuant to section 77–16a–201(2), his period of probation expired on July 19, 1999, and the trial court no longer had jurisdiction to issue an order to show cause or hold a hearing regarding Byrum's probation violations. Byrum essentially argues that the phrase "no less than five years" means no *more* than five years and that, therefore, his probation terminated by operation of law five years after his sentencing.

¶ 7 "When we interpret statutes, our primary goal is to give effect to the legislature's intent in light of the purpose the statute was meant to achieve." *Evans v. State*, 963 P.2d 177, 184 (Utah 1998) (citations omitted). We look first to the plain language of the statute because it is "the best evidence of the true intent and purpose of the Legislature." *Id.* (internal citations omitted).

¶ 8 The plain language of the statute creates a *minimum* probationary period of five years when a GAMI defendant's sentence is five years or more. The phrase "no less than five years" sets a floor, not a ceiling. The statute requires that the probationary period of a GAMI defendant be equal to or greater than five years when the actual sentence is equal to or greater than five years. § 77–16a–201(2). If a GAMI defendant's sentence is for less than five years, the statute allows the period of probation to expire at the end of the sentence. In this case, Byrum was sentenced to five years to life. Since the end of his sentence is the end of his natural life, Byrum must be on probation for at *least* five years, and *may* be on probation

---

1. We note that the Legislature recently amended this statute to clarify the language at issue in this case. 2002 Utah Laws 61 (effective May 6, 2002). Our interpretation of the 2001 version is consonant with the revised statute, which reads:

"The period of probation for a felony offense committed by a person who has been found guilty and mentally ill at the time of the offense may be for no less than five years." Utah Code Ann. § 77–16a201 (Supp.2002).

for life pursuant to the GAMI probation statute.

¶ 9 Byrum argues that the presence of a separate statute capping a non-GAMI defendant's probation at thirty-six months is evidence that the Legislature intended to limit a GAMI defendant's probation to five years. *Compare* Utah Code Ann. § 77–18–1(10) (Supp.2001), *with* § 77–16a–201(2). If anything, the existence of a separate statute— with an unique focus and dissimilar language—is evidence that the Legislature intended to treat mentally ill probationers differently than standard probationers. As this Court noted in *State v. DePlonty*, "the offender found guilty and mentally ill is held accountable for his criminal conduct, yet because of his mental illness, may need specialized treatment." 749 P.2d 621, 626 (Utah 1987). We have no doubt that the Legislature intended to provide specialized treatment for mentally ill defendants and probationers—treatment that may require longer terms of probation for GAMI defendants. Longer probationary periods allow the courts to better supervise mentally ill probationers and better protect the public, and are entirely consistent with the current statutory scheme governing the mentally ill.

## CONCLUSION

¶ 10 In the trial court's final order revoking and reinstating Byrum's probation for the second time, it concluded that section 77–16a–201(2) did not terminate Byrum's probation after five years and that, therefore, the court continued to have jurisdiction over the defendant. The trial court's ruling is affirmed.

¶ 11 Chief Justice DURHAM, Associate Chief Justice DURRANT, Justice RUSSON, and Judge ORME concur in Justice WILKINS' opinion.

¶ 12 Justice HOWE does not participate herein; Court of Appeals Judge GREGORY K. ORME sat.