2006 UT App 76

STATE of Utah, Plaintiff and Appellee,

v.

Michael MARTINEZ, Defendant and Appellant.

No. 20041090–CA.

Court of Appeals of Utah.

Feb. 24, 2006.

Martin V. Gravis, Ogden, for Appellant.

Mark L. Shurtleff and Matthew D. Bates, Salt Lake City, for Appellee.

Before Judges GREENWOOD, BILLINGS, and McHUGH.

## OPINION

BILLINGS, Judge:

¶ 1 Defendant Michael Martinez appeals from the denial of his motion to suppress evidence. Defendant argues that the trial court improperly interpreted Utah Code sections 41–6–166, –167, and –169 as not limiting an officer's ability to arrest for a misdemeanor traffic violation. *See* Utah Code Ann. §§ 41–6–166, –169 (1998) (repealed 2005); Utah Code Ann. § 41–6–167 (1998).[1] We affirm.

## BACKGROUND

¶ 2 On the night of June 16, 2004, Weber–Morgan Narcotics Strike Force Agents Kevin Grogen and Aaron Johnson were conducting surveillance of a home in Ogden, Utah, following complaints of drug trafficking. Along with two other agents, Grogen and Johnson parked their vehicles in a school parking lot across the street from the house.

¶ 3 During the course of the evening, the agents observed Defendant leaving the house on a motorcycle. Defendant crossed the street to the parking lot, circled the agents, then committed several traffic violations, including failing to stop at a stop sign and giving a right hand turn signal while turning left. Defendant then returned to the house.

¶ 4 After several minutes, Defendant left the house a second time. Johnson followed Defendant and observed Defendant committing additional traffic violations-failing to

stop pursuant to a traffic control device and turning without signaling.

¶ 5 Johnson initiated a traffic stop. Defendant stopped the motorcycle and dismounted. Shortly thereafter, Grogen and another agent arrived at the scene. Johnson stepped away to check for a valid driver's license, valid registration, and any outstanding warrants. Grogen informed Defendant that he was under arrest for the observed traffic violations. Defendant backed up as though attempting to get away, but he was restrained and handcuffed.

¶ 6 Believing that Grogen might need assistance in restraining Defendant, Johnson reapproached Defendant. Johnson observed a large bulge in the front waistband area of Defendant's pants. When the agents had initially stopped Defendant, he had been carrying a large sheath knife and a butterfly knife, and Johnson testified that he was concerned the bulge in Defendant's pants might be a concealed weapon. Johnson asked Defendant what he had in his pants. Upon Johnson's questioning, Defendant began to struggle and made an effort to hide the bulge from view. Johnson then searched Defendant and removed a black pouch from Defendant's waistband area. The pouch contained drug paraphernalia and substances appearing to be marijuana and methamphetamine.

¶ 7 Defendant was subsequently charged with, among other things, possession of a controlled substance with intent to distribute. Defendant made a motion to suppress the evidence obtained through the search, arguing that an officer's authority to arrest for a misdemeanor traffic violation is limited by Utah Code sections 41–6–166, –167, and –169. The trial court denied Defendant's motion. Defendant appeals.

## ISSUE AND STANDARD OF REVIEW

¶ 8 At issue is whether the trial court correctly interpreted Utah Code sections 41–6–166, –167, and –169, *see* Utah Code Ann. §§ 41–6–166, –167, and –169, as not limiting

---

1. In the 2005 legislative session, the Utah Legislature repealed sections 41–6–166 and –169 and renumbered section 41–6–167. *See* Utah Code Ann. §§ 41–6–1 to –193 Renumbered/Repealed (2002). Section 41–6–167 is now found at section 77–7–24. *See id.; see also* Utah Code Ann. § 77–7–24 Amendment Notes (Supp.2005).

an officer's authority to make a warrantless arrest for a misdemeanor traffic violation. We review questions of statutory interpretation for correctness. *See State v. Lusk*, 2001 UT 102,¶ 11, 37 P.3d 1103.

## ANALYSIS

¶ 9 Defendant argues that the trial court erred by interpreting Utah Code sections 41–6–166, –167, and –169 as not limiting a police officer's authority to make warrantless arrests for misdemeanor traffic violations. *See* Utah Code Ann. §§ 41–6–166, –167, –169. Specifically, Defendant contends that under section 41–6–166, persons stopped for misdemeanor traffic violations are to be arrested and arraigned in only four specific circumstances.[2] For all other misdemeanor traffic violations, Defendant argues that officers only have the authority to issue a citation, after which they must release the suspect. Thus, Defendant claims that he could not be searched incident to an arrest and that the trial court erred in not granting his motion to suppress. This is an issue of first impression in Utah.

¶ 10 The trial court determined that sections 41–6–166, –167, and –169 did not limit an officer's authority to arrest persons stopped for misdemeanor traffic violations. The trial court stated that "sections 166, 167 and 169[are] procedural rules for peace officers to follow *once an arrest has been made* for misdemeanor traffic violations ... containing neither a grant of limited authority to arrest without warrant nor a restriction or limitation of any such authority." (Emphasis added.) We agree. Utah Code section 77–7–2 provides that "[a] peace officer may make an arrest under authority of a warrant or may, without warrant, arrest a person ... for any public offense committed or attempted in the presence of any peace officer." *Id.* § 77–7–2 (2003). Sections 41–6–166, –167,

and –169, by their clear language, simply set up procedures to be followed in certain arrests. The introductory language in section 41–6–166 so indicates.[3] *See id.* § 41–6–166.

¶ 11 This interpretation is further buttressed by Utah case law and the case law of other states with similar statutes. The only Utah case to discuss this issue is *State v. Harmon*, 910 P.2d 1196 (Utah 1995). In *Harmon*, the defendant claimed that section 41–6–166 limited an officer's authority to arrest for misdemeanor traffic violations. *See id.* at 1200. However, the Utah Supreme Court declined to address the defendant's argument because the defendant was arrested for an act not covered by section 41–6–166. *See id.* at 1201. The court noted that Utah Code sections 77–7–2, and –18 "are couched in permissive language allowing police officers, at their discretion, to either cite or arrest for traffic offenses committed in their presence." *Id.* Ultimately, the court determined that because the "[defendant] drove on suspension in [the officer's] presence [,] ... [the officer] was statutorily authorized to arrest [the defendant]." *Id.*

¶ 12 Turning to other jurisdictions, some twenty-two states have statutes that limit an officer's ability to arrest. These statutes require the issuance of a citation in lieu of arrest in some circumstances. *See, e.g.*, Ala. Code. § 32–1–4(a) (LexisNexis 2005) (stating that whenever a person is arrested for a motor vehicle misdemeanor, arresting officer shall release upon written bond to appear, unless officer has good cause to believe person (1) has committed any felony, (2) is "causing or contributing" to an injury or death, or (3) is driving under the influence of drugs or alcohol); Alaska Stat. § 12.25.180(b) (2006) (providing that when person is stopped for infraction or violation, peace officer shall issue citation to person unless person fails to provide satisfactory evidence of identity or refuses to accept citation or give

---

2. Defendant contends those circumstances are when the suspect (1) requests immediate appearance before a magistrate; (2) is arrested for driving under the influence; (3) is arrested for a hit and run; or (4) refuses to give a written promise to appear contained in the citation or when, at the officer's discretion, the written promise to appear is insufficient. *See* Utah Code Ann. § 41–6–166 (1998) (repealed 2005).

3. According to its introductory language, section 41–6–166 applies: "[w]henever any person is arrested for any violation of this act punishable as a misdemeanor." Utah Code Ann. § 41–6–166 (1998) (repealed 2005).

written promise to appear); Ky.Rev.Stat. Ann. § 431.015(2) (LexisNexis 2005) (instructing that officer must issue citation rather than arrest for misdemeanor, except in certain circumstances, such as failure to drive in careful manner or driving under the influence).

¶ 13 Twenty-eight states have statutes that provide police officers with discretion to arrest a suspect for misdemeanor traffic offenses. Many of these state statutes are similar to Utah Code section 77–7–2 in that the statutes permit warrantless arrests where the misdemeanor was committed in the officer's presence. *See* Utah Code Ann. § 77–7–2; *see, e.g.,* Ariz.Rev.Stat. Ann. § 13–3883(A)(2) (2006) (allowing warrantless arrest when officer has probable cause to believe misdemeanor committed in his presence and probable cause to believe the person to be arrested committed the offense); Del. Code Ann. tit. 21, § 701(a)(1) (2005) (permitting warrantless arrest for motor vehicle violations, provided that officers are in uniform or displaying badge or identification folder and that violation is committed in officer's presence); Fla. Stat. Ann. § 901.15(1) (Lexis-Nexis 2005) (allowing warrantless arrest if person committed misdemeanor or violated ordinance in presence of officer); Idaho Code Ann. § 19–603 (2005) (allowing warrantless arrest if person committed a public offense in presence of a peace officer); Iowa Code § 804.7 (2004) (allowing officer to arrest if offense was committed or attempted in officer's presence or if officer has reasonable grounds to believe public offense committed and the person to be arrested committed it).

¶ 14 Unlike other states' limiting statutes, section 41–6–166 does not contain any language indicating that a citation must be issued in lieu of arrest, and it does not list specific offenses for which an officer may arrest. Rather, we agree with the trial court that section 41–6–166 is a procedural rule for officers to follow once an arrest had been made for misdemeanor traffic violations and

that the section neither grants nor limits an officer's authority to arrest without a warrant.[4]

## CONCLUSION

¶ 15 Accordingly, we determine that sections 41–6–166, –167, and –169 do not limit an officer's authority to arrest for misdemeanor traffic violations. We therefore affirm.[5]

¶ 16 WE CONCUR: PAMELA T. GREENWOOD, Associate Presiding Judge and CAROLYN B. McHUGH, Judge.

---

4. Due to our disposition, we do not reach the State's argument that Defendant's resistance to the allegedly unlawful arrest constitutes a new, distinct crime for which he was lawfully arrested and searched incident thereto.

5. Our ruling is consistent with the Utah Legislature's repeal of sections 41–6–166 and –169. *See* Utah Code Ann. §§ 41–6–1 to –193 Renumbered/Repealed (2002).