VOROS, Judge
(concurring):
69 I concur in the majority opinion. Alternatively, I believe this appeal is inadequately briefed.
T70 For example, perhaps the Mitchells most sympathetic claim is their claim for equitable estoppel, They assert that Bank Defendants induced them to miss monthly payments on the note and consequently should be estopped from foreclosing on the house based on those missed monthly payments. But the Mitchells® brief fails to cite any relevant legal authority, quote testimony from the record, identify the elements of equitable estoppel, or explain how a reasonable fact-finder could find each of those legal elements, They instead rely on statements such as the following: "It is believed a pattern of deliberate misconduct will come to light through discovery, which misconduct has resulted in thousands of similarly situated borrowers being duped by defendants into 'defaulting, so that they could hijack their loans for defendants' own hidden profit scheme," and "No one could possibly consider such systematic profiteering from fraudulent statements fair or equitable."
T74 Similarly, the Mitchells describe at some length what they call their "discovery disputes" in the trial court; the factual background and procedural history of these issues comprise seven pages of their brief, But those seven pages contain no citations to the record on appeal, The briefing of these two points typifies the Mitchells' principal brief.
72 An appellant's argument must contain "citations to the authorities, statutes, and parts of the record relied on." Utah R. App. P. 24(a)(9). "An issue is inadequately briefed when the overall analysis of the issue is so lacking as to shift the burden of research and argument to the reviewing court." State v. Davie, 2011 UT App 380, ¶ 16, 264 P.3d 770 (citation and internal quotation marks omitted). "An inadequately briefed claim is by definition insufficient to discharge an appellant's burden to demonstrate trial court error." Simmons Media Group, LLC v. Waykar, LLC, 2014 UT App 145, ¶ 37, 335 P.3d 885, So while I concur in the majority opin *207 ion, I would in the alternative reject all the Mitchells' claims on appeal as "not adequately briefed, researched, or presented." See State v. Lusk, 2001 UT 102, ¶ 34, 37 P.3d 1103.