2016 UT App 50

# THE UTAH COURT OF APPEALS

RANDY JAMES LUCERO,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Memorandum Decision
No. 20150197-CA
Filed March 10, 2016

Third District Court, West Jordan Department
The Honorable Kara L. Pettit
No. 130404567

Herschel Bullen, Attorney for Appellant

Sean D. Reyes and Mark C. Field, Attorneys
for Appellee

SENIOR JUDGE RUSSELL W. BENCH authored this Memorandum
Decision, in which JUDGES GREGORY K. ORME and STEPHEN L.
ROTH concurred.[1]

BENCH, Senior Judge:

¶1 Randy James Lucero appeals from the district court's order granting the State's motion for summary judgment, denying his cross-motion for summary judgment, and dismissing his petition for post-conviction relief. In his petition, Lucero argued that his trial counsel rendered constitutionally ineffective assistance of counsel by failing to raise a defense based on the statute of limitations. The district court concluded

---

1. Senior Judge Russell W. Bench sat by special assignment as authorized by law. *See generally* Utah R. Jud. Admin. 11-201(6).

that Lucero had no such defense and that his trial counsel therefore was not ineffective. We affirm.

¶2 In 2010, Lucero was charged with four first-degree felonies. These charges included one count of rape of a child for an incident that occurred in June 2003 and three counts of aggravated sexual abuse of a child for incidents that occurred in June 2003 and in January 1999 through January 2000. The incidents of abuse "were first reported to law enforcement in or about 2010."

¶3 After being bound over on the charges, Lucero reached a plea agreement with the State. On June 21, 2011, Lucero pleaded guilty to an amended count of attempted aggravated sexual abuse of a child, a first-degree felony, and one count of sexual abuse of a child, a second-degree felony. The other first-degree felony counts were dismissed upon entry of Lucero's guilty plea. Lucero was sentenced. Afterward, he never attempted to withdraw his plea, nor did he file an appeal.

¶4 In March 2013, Lucero filed a petition seeking post-conviction relief pursuant to the Post-Conviction Remedies Act (the PCRA). Lucero argued that he was entitled to relief because his trial counsel's failure to recognize and assert a statute of limitations defense constituted ineffective assistance of counsel. The State responded by moving for summary judgment, arguing that the statute of limitations that Lucero invoked did not begin to run until 2010, when the incidents were first reported to law enforcement, and that Lucero's trial counsel therefore did not miss any legitimate affirmative defense.[2] Lucero also moved for summary judgment. The district court agreed with the State,

--------

2. The State also moved for summary judgment on the ground that Lucero's petition was time-barred, but the district court ultimately determined that the petition was timely. The State does not challenge that determination or the facts supporting it.

granted its motion for summary judgment, and dismissed Lucero's petition. Lucero appeals.

¶5     "[W]e review a grant of summary judgment for correctness, granting no deference to the [lower] court." *Ross v. State*, 2012 UT 93, ¶ 18, 293 P.3d 345 (second alteration in original) (citation and internal quotation marks omitted). In reviewing a grant of summary judgment, we will affirm the district court's decision "when the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* (citation and internal quotation marks omitted); *see also* Utah R. Civ. P. 56(a).

¶6     On appeal, Lucero contends that the district court erroneously concluded that he lacked a statute of limitations defense. Because of this erroneous conclusion, he argues, the district court further erred in determining that his trial counsel did not perform deficiently by failing to raise a statute of limitations defense. The State counters that Lucero's trial counsel's performance was adequate because Lucero did not have any valid defense grounded in the statute of limitations.

¶7     Under the PCRA, a criminal defendant may obtain post-conviction relief if he establishes that he received ineffective assistance of counsel. *See* Utah Code Ann. § 78B-9-104(1)(d) (LexisNexis 2012). To prevail, Lucero must establish both prongs of an ineffective assistance of counsel claim articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). First, he must show that "counsel's performance was deficient." *Id.* at 687. Counsel's performance, however, is not deficient "if counsel refrains from making futile objections, motions, or requests." *Layton City v. Carr*, 2014 UT App 227, ¶ 19, 336 P.3d 587 (citation and internal quotation marks omitted). Second, Lucero must show that his counsel's "deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. A failure to make the required showing of either prong under *Strickland* "defeats the ineffectiveness claim." *Id.* at 700.

¶8     Lucero contends that his counsel performed deficiently by failing to recognize and assert a statute of limitations defense. When Lucero committed the offenses, from 1999 to 2003, Utah Code section 76-1-303.5 provided that a prosecution for rape of a child or aggravated sexual abuse of a child could be brought "within four years after the report of the offense to a law enforcement agency." *See* Utah Code Ann. § 76-1-303.5 (Lexis 1999). But in 2008, the Utah Legislature repealed section 303.5 and extended the limitations period for these particular crimes. Act of Feb. 11, 2008, ch. 129, §§ 1, 3, 2008 Utah Laws 1143, 1143–44. The revised statute of limitations, found in Utah Code section 76-1-301, allowed the State to commence a prosecution for rape of a child or aggravated sexual abuse of a child "at any time." Utah Code Ann. § 76-1-301(9), (15) (LexisNexis 2008).

¶9     Lucero asserts that he was entitled to be prosecuted under section 303.5, the relevant statute of limitations in effect at the time of the offenses, and that the repeal of section 303.5 in 2008 constituted the expiration of the limitations period with regard to crimes committed between 1999 and 2003. Consequently, Lucero argues, he had a vested right to assert a statute of limitations defense and therefore section 301 could not operate retroactively to allow a prosecution to begin after 2008.

¶10     A "long-standing rule of statutory construction [is] that a legislative enactment which alters the substantive law or affects vested rights will not be read to operate retrospectively unless the legislature has clearly expressed that intention." *State v. Green*, 2005 UT 9, ¶ 23, 108 P.3d 710 (citation and internal quotation marks omitted). Consistent with this principle, Utah law provides that "a statutory amendment enlarging a statute of limitations will extend the limitations period applicable to a crime already committed only if the amendment becomes effective before the previously applicable statute of limitations has run, thereby barring prosecution of the crime." *State v. Lusk*, 2001 UT 102, ¶ 26, 37 P.3d 1103. Thus, "a legislative amendment enlarging a limitation period may be applied retroactively to

crimes committed before the amendment where the limitations defense has not accrued to the defendant before the amendment becomes effective." *Id.* ¶ 28. "Conversely, a legislative enactment extending a statute of limitations will not be retroactively applied to a crime committed if prosecution of that crime would already be precluded by the running of the previously applicable statute of limitations." *Id.* ¶ 29. The Utah Supreme Court has distilled this concept as follows:

> "The general and well-established principle of law is that statutes prescribing limitations relate to remedies; and that the legislature has power to increase the time in which an action may be brought. In that connection it should be observed that if the statute has run on a cause of action, so that it is dead, it cannot be revived by any such statutory extension. But if the cause of action is still alive, the new enactment can extend the time in which it may be brought."

*Id.* (quoting *Del Monte Corp. v. Moore*, 580 P.2d 224, 225 (Utah 1978)).

¶11    The supreme court applied these principles in *State v. Green*, 2005 UT 9, 108 P.3d 710. There, the defendant was charged in April 2000 with the rape of a child that occurred in January 1986. *Id.* ¶¶ 4, 17. On appeal, the supreme court rejected the defendant's argument that the statute of limitations barred prosecution. *Id.* ¶¶ 14, 62. The court explained that in 1986, the statute of limitations authorized prosecution for rape of a child where the prosecution is initiated within one year after the offense is reported to law enforcement so long as no more than eight years has elapsed since the time of the offense. *Id.* ¶ 16. Under this statute, the eight-year maximum span would have elapsed in January 1994. *Id.* ¶ 17. But "[i]n 1991, the legislature replac[ed] the eight-year statute of limitations with a limitations period permitting prosecution of sexual abuse of a child anytime

within four years after the report of the offense to a law enforcement agency." *Id.* ¶ 18 (second alteration in original) (emphasis, citation, and internal quotation marks omitted). "[B]ecause the amendment was enacted in 1991, three years before the initial statute of limitations would have expired," *id.* ¶ 20, the supreme court concluded that the revised statute of limitations had retroactive application to the charges against the defendant, *id.* ¶ 22. And because the initial statute of limitations had not expired or been triggered before the effective date of the 1991 amendment, the supreme court concluded that the charge was not barred. *Id.* ¶¶ 23–24, 54.

¶12   This case is analytically similar to *Green*. As the district court correctly explained, although the statute of limitations in effect at the time of Lucero's offenses was repealed and replaced in 2008, "'a legislative amendment enlarging a limitation period may be applied retroactively to crimes committed before the amendment where the limitations defense has not accrued to the defendant before the amendment becomes effective.'" (Quoting *Lusk*, 2001 UT 102, ¶ 28.) Further, the district court correctly determined that, as in *Green*, the limitations defense had not accrued to Lucero as the limitations period had not yet expired— let alone been triggered—"because it is undisputed that [the crimes] had not been reported to a law enforcement agency at the time of the repeal" of the earlier statute in 2008. Thus, the 2008 enactment enlarging the limitations period retroactively applied to the crimes Lucero committed before 2008. Because that 2008 enactment, codified in section 301, permitted the State to commence a prosecution for rape of a child or aggravated sexual abuse of a child "at any time," the applicable statute of limitations did not bar the charges brought against Lucero in 2010.[3] *See* Utah Code Ann. § 76-1-301(9), (15) (LexisNexis 2008).

---

3. The district court determined, in the alternative, that "even if the statute of limitations was a substantive right that vested at

(continued…)

¶13 Lucero's attempt to distinguish his case from *Green* hinges on the questionable assertion that the repeal of section 303.5 equated to the expiration of the limitations period. According to Lucero, once section 303.5 "was repealed[,] any right to prosecute under [section] 303.5 was extinguished" and the statute of limitations was "not extended" by section 301. However, Lucero provides little support for this proposition. As a consequence, we are not persuaded that this case presents anything other than a straightforward application of settled law. Under that settled law, the State's cause of action against Lucero for his crimes was "still alive" as of the 2008 amendment of section 301. *See Lusk*, 2001 UT 102, ¶ 29 (citation and internal quotation marks omitted). We therefore conclude that the district court correctly determined "as a matter of law based upon the undisputed facts that [Lucero] did not have an affirmative defense that the . . . charges were barred by the statute of limitations."

¶14 Because any motion to dismiss the charges against Lucero on limitations grounds would have been futile, Lucero's trial counsel did not perform deficiently. *See Layton City v. Carr*, 2014 UT App 227, ¶ 19, 336 P.3d 587. And because Lucero cannot establish the deficient performance prong of his ineffective

---

(…continued)

the time the crimes were committed, the charges were filed within the former statute of limitations that required charges to be filed within four years from when the abuse was reported to law enforcement" under section 303.5. *See* Utah Code Ann. § 76-1-303.5 (Lexis 1999). Because the offenses were committed between 1999 and 2003 and because it is "undisputed that the offenses were first reported to law enforcement in or about 2010," we agree with the district court's assessment that "the charges were filed well within the four year statute of limitations previously set forth" in section 303.5. *See id.*

assistance of counsel claim, his claim fails. *See Strickland v. Washington*, 466 U.S. 668, 700 (1984).[4]

¶15   In sum, the district court correctly determined that because Lucero had no defense grounded in the statute of limitations, Lucero's trial counsel did not render constitutionally deficient performance by failing to raise such a defense. On that basis, the district court correctly granted the State's motion for summary judgment, denied Lucero's cross-motion for summary judgment, and dismissed Lucero's petition for post-conviction relief. Accordingly, we affirm.

––––––––––

4. Lucero also briefly argues that his "guilty plea was not entered knowingly, intelligently and voluntarily" due to his trial counsel's ineffectiveness "during the negotiation of his plea . . . [and] entry thereof." He argues his counsel was ineffective because counsel advised him that he had "no appeal and no possible remedy" and because counsel failed to file a motion to dismiss or to withdraw the plea. However, this argument depends upon the proposition that Lucero had a meritorious defense based on the statute of limitations. Because we have concluded that Lucero in fact had no statute of limitations defense, his challenge to his plea also fails.