2017 UT App 97

## THE UTAH COURT OF APPEALS

GARY JOE MCCAMEY,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Opinion
No. 20160785-CA
Filed June 15, 2017

Third District Court, Salt Lake Department
The Honorable Paul B. Parker
No. 150908028

Gary Joe McCamey, Appellant Pro Se

Sean D. Reyes and Daniel W. Boyer, Attorneys
for Appellee

Before JUDGES J. FREDERIC VOROS JR., STEPHEN L. ROTH, and
DAVID N. MORTENSEN.

PER CURIAM:

¶1    Gary Joe McCamey appeals the grant of summary judgment on his petition seeking post-conviction relief. We affirm.

¶2    In 2003, McCamey was on parole for his 1991 convictions for sexual offenses involving children. As a condition of his parole, he was not allowed to have contact with anyone under the age of eighteen. McCamey's probation officer suspected that McCamey was living with his wife, his thirteen-year-old stepdaughter J.W., and his five-year-old son. The probation officer contacted the Murray City police officer who was a resource officer at J.W.'s school. That officer's 2003 police report stated that the probation officer was trying to gather evidence to

show that McCamey was living in the home with the children.[1] The report also stated that the probation officer was "concerned" that McCamey may have "victimized" J.W. The probation officer determined from a source at J.W.'s school that McCamey would sometimes pick her up from school early. The probation officer shared this information with Murray City police. A Murray City detective wrote a report about a "possible sex offense" investigation. The detective's report noted that the probation officer reported that McCamey "had been around [J.W.] alone," and the probation officer was "concerned that McCamey may have perpetrated a sexual offense towards her." When interviewed, J.W. denied that McCamey had ever touched her, tried to touch her, or made sexual advances towards her. Due to lack of information and "no allegations or disclosures" from J.W., Murray City closed the 2003 investigation without filing charges.

¶3    In 2012, J.W. reported that nine years earlier McCamey had touched her unlawfully more than once. In 2013, the State charged McCamey with two counts of aggravated sexual abuse of a child, a first degree felony, and one count of lewdness involving a child, a third degree felony.

¶4    In an October 2014 letter, McCamey "complained to the trial court that his defense attorney was not doing what he was asking her to do" and stated his belief that the statute of limitations should have barred the 2013 prosecution. However, on January 20, 2015, McCamey entered into a plea agreement through which he pleaded guilty to two amended counts of attempted sexual abuse of a child, a third degree felony, and obtained a dismissal of the lewdness charge. In connection with his guilty pleas, McCamey admitted the factual basis for the charges, acknowledged and waived each of his statutory and

---

1. The 2003 police reports referred to herein were attached to the petition for post-conviction relief.

constitutional rights (except the right to counsel), and affirmed that if he wanted to withdraw his guilty pleas, he must file a motion to withdraw before sentencing. McCamey did not move to withdraw his pleas or file a direct appeal.

¶5    On November 15, 2015, McCamey filed a petition under the Post-Conviction Remedies Act (PCRA). In relevant part, the petition asserted that the 2013 charges were barred by the statute of limitations and that his trial counsel was ineffective for not pursuing a statute of limitations defense. The district court granted summary judgment on the claims. First, it ruled that McCamey's statute of limitations claim was procedurally barred under Utah Code section 78B-9-106(1)(c) because he could have raised the claim at trial or on appeal. The district court noted that "McCamey brought his concern regarding the statute of limitations defense to the Court's attention" in his October 2014 letter, but the court did not address the question because McCamey entered guilty pleas to reduced charges in January 2015.

¶6    The district court next noted that under section 78B-9-106(3) of the PCRA, a person may still be eligible for relief on a ground otherwise precluded "if the failure to raise that ground was due to ineffective assistance of counsel." *See* Utah Code Ann. § 78B-9-106(3) (LexisNexis 2012). Because McCamey asserted an ineffective assistance of counsel claim, the district court reviewed the merits of the statute of limitations claim to the extent necessary to address the exception under section 78B-9-106(3). The district court ruled that McCamey had not shown ineffective assistance of his trial counsel based upon the failure to raise a statute of limitations defense to the 2013 charges. The district court concluded that the statute of limitations had not expired because the 2003 communications did not amount to a "report of the offense" that triggered the running of the four-year statute of limitations that was in effect in 2003.

¶7    "[W]e review a grant of summary judgment for correctness, granting no deference to the [lower] court." *Ross v. State*, 2012 UT 93, ¶ 18, 293 P.3d 345 (second alternation in original) (citation and internal quotation marks omitted). In reviewing a grant of summary judgment, we will affirm the district court's decision "when the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* (citation and internal quotation marks omitted).

¶8    On appeal, McCamey claims that the district court erred in determining that the 2013 charges were not barred by the statute of limitations. McCamey does not specifically address the district court's determination that the claim was precluded by section 78B-9-106(1)(c) of the PCRA. *See* Utah Code Ann. § 78B-9-106(1)(c) (LexisNexis 2012). The district court stated, that in an October 2014 letter that was attached to the petition, "McCamey brought his concern regarding the statute of limitations defense to the Court's attention in the underlying criminal case." However, the district court further noted that "no motion or request for relief was ever filed on this issue." Thereafter, McCamey pleaded guilty to reduced charges and was sentenced. The district court ruled that McCamey was not eligible for relief under the PCRA on this claim because he failed to pursue it in the district court or on appeal.

¶9    The district court did not err in determining that the statute of limitations claim was barred under section 78B-9-106(1)(c) of the PCRA unless the exception in section 78B-9-106(3) applied. In addition, by pleading guilty to the amended charges, McCamey waived any pre-plea issues, including statutory and constitutional claims. *See State v. Rhinehart*, 2007 UT 61, ¶ 15, 167 P.3d 1046 (holding that by pleading guilty, a defendant is deemed to have admitted the essential elements of the crime charged and thereby waives all nonjurisdictional defects, including alleged pre-plea constitutional violations); *James v. Galetka*, 965 P.2d 567, 573 (Utah Ct. App. 1998) (holding

that "criminal statutes of limitations are not jurisdictional, but are a bar to prosecution which can be waived by a knowing and voluntary guilty plea").

¶10    The district court next addressed McCamey's claim that his trial counsel was ineffective for failing to raise the statute of limitations defense. Resolving this claim required the district court to examine the merits of a possible statute of limitations defense. After doing so, the district court concluded that the defense could not have succeeded and thus that "counsel for the Defendant could not have been ineffective for declining to pursue this statute of limitations defense."[2]

¶11    "Under the PCRA, a criminal defendant may obtain post-conviction relief if he establishes that he received ineffective assistance of counsel." *Lucero v. State*, 2016 UT App 50, ¶ 7, 369 P.3d 469 (citing Utah Code Ann. § 78B-9-104(1)(d) (LexisNexis 2012)).

> To prevail, [a criminal defendant] must establish both prongs of an ineffective assistance of counsel claim articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). First, he must show that "counsel's performance was deficient." *Id.* at 687. Counsel's performance, however, is not deficient "if counsel refrains from making futile objections, motions, or requests" *Layton City v. Carr*, 2014 UT App 227, ¶ 19, 336 P.3d 587 (citation and internal quotation marks omitted). Second, [the criminal defendant]

---

2. McCamey, acting pro se, did not expressly argue the ineffectiveness of counsel claim in his opening brief filed in this court. However, in context we understand his claim to challenge the rationale for the district court's decision on the ineffectiveness of counsel claim. Accordingly, this court also addresses the claim.

must show that his counsel's "deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. A failure to make the required showing of either prong under *Strickland* "defeats the ineffectiveness claim" *Id.* at 700.

*Lucero*, 2016 UT App 50, ¶ 7 (brackets in original) (citations and internal quotation marks omitted).

¶12 McCamey contends that his counsel performed deficiently by failing to assert a statute of limitations defense to the 2013 charges for aggravated sexual abuse of a child. In 2001 and 2002, when McCamey committed the offenses, the applicable statute of limitations allowed a prosecution to commence "within four years after the report of the offense to a law enforcement agency." Utah Code Ann. § 76-1-303.5 (Lexis 1999). In 2008, the Utah Legislature repealed section 303.5 and indefinitely extended the limitations period for specific crimes including aggravated sexual abuse of a child. *See Lucero*, 2016 UT App 50, ¶ 8. The revised statute of limitations contained in Utah Code section 76-1-301 allows the State to commence a prosecution for aggravated sexual abuse of a child "at any time." Utah Code Ann. § 76-1-301(2)(o) (LexisNexis Supp. 2016).

¶13 Under Utah law, "a statutory amendment enlarging a statute of limitations will extend the limitations period applicable to a crime already committed only if the amendment becomes effective before the previously applicable statute of limitations has run, thereby barring prosecution of the crime." *State v. Lusk*, 2001 UT 102, ¶ 26, 37 P.3d 1103; *see also State v. Toombs*, 2016 UT App 188, ¶ 16, 380 P.3d 390. "[A] legislative amendment enlarging a limitation period may be applied retroactively to crimes committed before the amendment where the limitations defense has not accrued to the defendant before the amendment becomes effective." *Lusk*, 2001 UT 102, ¶ 28.

¶14    Here, McCamey claims that the 2003 communications from his probation officer to Murray City police constituted a "report of the offense to a law enforcement agency" to commence the running of the four-year statute of limitations in effect in 2001 and 2002.[3] Accordingly, if the probation officer's communications are a "report of the offense," triggering the four-year statute of limitations in effect at the time McCamey committed the offenses, then the limitations period expired in 2007—before the 2008 amendment extended the limitations period indefinitely—and barred the prosecution of these charges in 2013. *See Toombs*, 2016 UT App 188, ¶ 16. Conversely, if the probation officer's communications did not constitute a "report of the offense," they did not trigger the statute of limitations, and the four-year statute of limitations had not yet run when the amendment to the statute of limitations became effective in 2008.

¶15    In *State v. Green*, 2005 UT 9, 108 P.3d 710, the Utah Supreme Court defined "report of the offense," as that term is used in Utah Code section 76-1-303(c). The supreme court adopted a three-part test, stating,

> This test . . . requires (1) a discrete and identifiable oral or written communication (2) that is intended to notify a law enforcement agency that a crime has been committed and (3) that actually communicates information bearing on the elements of a crime as would place the law enforcement agency on actual notice that a crime has been committed.

---

3. In a variation on this claim, McCamey appears to assert that, because J.W. denied any abuse in a 2003 interview by police, he has a vested right to rely upon that "exoneration." The closure of the investigation based upon lack of evidence does not constitute an exoneration.

*Id.* ¶ *46.* A report must be more than "mere clues that criminal conduct has occurred" and requires "a heightened level of specificity." *See id.* ¶¶ 43–44. A report requires "a degree of articulation of criminal conduct sufficient to permit a law enforcement agency to conclude what was done and who did it without additional investigation or analysis." *See id.* ¶ 43.

¶16   The district court found that the 2003 communications between the probation officer and Murray City police officers were "discrete and identifiable, but otherwise do not constitute a 'report of the offense' sufficient to start the limitations period." Instead, the district court found that the intent of the communications was to spur investigation into a suspected offense based upon McCamey's background and apparent living arrangement with a person under the age of eighteen. The court noted that none of the communications in 2003 actually provided information bearing on the elements of sexual abuse of a child. And the investigation of the possible offense was unsuccessful, largely because the possible victim denied that any inappropriate behavior had occurred. The district court ruled that the 2003 communications did not provide actual notice that a crime had been committed and therefore did not start the running of the statute of limitations. Accordingly, the district court concluded that counsel was not ineffective for declining to pursue a statute of limitations defense.[4]

---

4. The district court also correctly noted that, even if communications in 2007 between J.W.'s mother and Murray City police claiming that McCamey had abused J.W. constituted a report of the offense and triggered the running of the statute of limitations, the statute of limitations had not run at the time that the 2008 amendments became effective and extended the statute of limitations period for these offenses. *See State v. Lusk*, 2001 UT 102, ¶ 26, 37 P.3d 1103.

¶17    The inquiry in this case focuses on whether the probation officer's statements to Murray City police met the third-prong of the *Green* test, i.e., whether the statements communicated information that would place the law enforcement agency on actual notice that a crime had been committed. The probation officer's communication was intended to solicit information about whether or not McCamey was living in the same home with two children under eighteen. If so, this would constitute a probation violation, but it would not otherwise have been criminal conduct. The probation officer also stated a "suspicion" or "concern" that McCamey might have abused J.W. based upon the living arrangement and access to J.W. These communications required further investigation to determine what, if any, criminal activity might have occurred. During the investigation, J.W. denied any improper contact and the investigation was closed.

¶18    Similarly, in *State v. Toombs*, 2016 UT App 188, 380 P.3d 390, this court observed, "Although Neighbor's communications may have been intended to inform [the detective] of criminal conduct, her statements only articulated her suspicions and merely offered clues that a crime may have occurred." *Id.* ¶ 21. Neighbor did not allege conduct between the defendant and the suspected victim "with any level of specificity." *Id.* ¶ 22. Thus, this court concluded that "without a higher level of specificity, "Neighbor's statements do not articulate criminal conduct sufficient to permit a law enforcement agency to conclude what was done and who did it without additional investigation or analysis." *Id.* ¶ 23 (citation and internal quotation marks omitted). This court concluded that because the communications were not a "report of the offense" to law enforcement, the four-year statute of limitations was not triggered and the statute of limitations had not expired before the defendant was charged. *Id.* ¶ 24. Under the similar circumstances in this case, the district court did not err in concluding that the 2003 communications were not a "report of the offense" that triggered the four-year

statute of limitations; rather, they described merely suspicious circumstances, not actual crimes.

¶19    McCamey's additional arguments on appeal conflate the concept of "report of the offense," as used in former section 76-1-303.5, with the police report in this case that was prepared to report the results of the investigation. The fact that a police report was prepared does not equate with a "report of the offense" under former Utah Code section 76-1-303.5. In addition, the fact that the 2003 investigation resulted in a parole revocation is irrelevant. The revocation was based on a violation of the parole condition that McCamey was not to have contact with persons under eighteen and was not due to any determination that criminal conduct occurred.

¶20    The district court did not err in its determination that the 2003 communications between McCamey's probation officer and Murray City police did not constitute a "report of the offense" that triggered the running of the four-year statute of limitations. Therefore, the 2013 charges were not barred. Because it would have been futile to assert the statute of limitations defense, trial counsel was not ineffective in declining to assert that claimed defense. Accordingly, the district court also did not err in its determination that counsel was not ineffective and the exception in section 78B-9-106(3) does not apply.

¶21    Affirmed.

_____