**2018 UT App 129**

THE UTAH COURT OF APPEALS

MARIO Y. GARCIA,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Opinion
No. 20160820-CA
Filed June 28, 2018

Third District Court, Salt Lake Department
The Honorable Mark S. Kouris
No. 150902335

Mario Y. Garcia, Appellant Pro Se

Sean D. Reyes and Andrew F. Peterson, Attorneys
for Appellee

JUDGE DAVID N. MORTENSEN authored this Opinion, in which
JUDGES KATE A. TOOMEY and JILL M. POHLMAN concurred.

MORTENSEN, Judge:

¶1      Mario Y. Garcia began sexually abusing Victim when she was seven years old. After many years of repeatedly inflicting abuse upon her, Garcia admitted to his abhorrent acts. He subsequently was charged and pled guilty to his crimes. The district court sentenced Garcia to indeterminate prison terms of fifteen years to life on one charge and three years to life on another charge, to run consecutively. Garcia did not directly appeal the district court's judgment and order, and instead filed a petition for post-conviction relief. In response, the State filed a motion for summary judgment, which the post-conviction court granted, denying Garcia's petition in its entirety. Garcia now appeals the post-conviction court's grant of summary judgment on several bases. We reject his contentions and affirm.

BACKGROUND

¶2 Throughout her upbringing, Victim, who is now an adult, was sexually assaulted by Garcia. During that time, he forced her to perform sexual acts, including oral, vaginal, and anal sex. After many years, Garcia confessed his recurring abuse of Victim to his wife, as well as his ecclesiastical leader. Soon thereafter, he also confessed to his immediate family, extended family, and a clinical psychologist. However, shortly after his admissions, Garcia began to threaten and harass those around him who found out about his sexual abuse of Victim. Garcia also sent Victim multiple text messages telling her that if she put him in prison she would be in trouble and that she "better think about" the fact that if he were to be imprisoned, no one would take care of his family.

¶3 Despite Garcia's attempts at intimidation, Victim reported his abuse and the State charged him with two counts of rape of a child, two counts of aggravated sexual abuse of a child, two counts of sodomy on a child, two counts of rape, two counts of forcible sodomy, and two counts of sexual abuse. Garcia pled guilty to two counts: rape of a child and attempted rape. He signed a plea affidavit explaining the crimes and acknowledging that his plea amounted to an admission; the court found his plea to be knowing and voluntary.[1]

---

1. The plea affidavit explained the crimes to which he was pleading guilty (rape of a child and attempted rape), the degrees and elements of each offense, and the punishment for each crime ("6, 10 or 15 years to [l]ife at the Utah State Prison" and "3 years to life at the Utah State Prison"). Garcia's affidavit also acknowledged that Garcia understood each of the rights he was waiving by pleading guilty, including the rights to a jury trial, to confront witnesses, to compel witnesses, to testify in his own defense, to remain silent, to be presumed innocent, and to appeal.

¶4 Notwithstanding his plea, Garcia filed three handwritten, pro se motions in the months before his sentencing in an attempt to, in his words, "reduce" or dismiss his conviction.[2] Garcia filed his first motion with three affidavits[3] and argued that his sentence should be "reduced" or dismissed for six reasons: (1) both the prosecution and the defense overlooked "a significant amount of evidence"; (2) Garcia received excessive bail and an unconstitutionally lengthy pre-trial confinement; (3) the prosecution withheld "exculpatory evidence"; (4) the court lacked jurisdiction due to factual inaccuracies; (5) Garcia's defense counsel was ineffective for not seeking reduction in bail; and (6) Garcia's defense counsel was ineffective for failing to collect evidence. Garcia simultaneously filed his second motion, which reiterated all of these complaints. Four months later, Garcia filed his third motion, which attempted to withdraw his guilty plea based on similar arguments to those previously raised and add two additional claims: failure to procure a voluntary plea and failure to disclose the applicable statute of limitations.

¶5 Ultimately, the district court held a sentencing hearing. There, the district court acknowledged Garcia's handwritten, pro se motions and asked Garcia if there was "any other argument [he]'d like to make" on his motions prior to sentencing. Garcia

_____

2. Defendant's motion does not clearly articulate what is meant by "reduce," other than to dismiss the charges altogether.

3. The three affidavits alleged ineffective assistance of defense counsel. "Affidavit 1" alleged ineffective assistance during bail proceedings and pre-sentencing. "Affidavit 2" alleged ineffective assistance resulting from unconstitutional delay, lack of communication, conflict of interest, and lack of investigation into evidence. "Affidavit 3" again asserted that counsel's alleged neglect of Garcia's case prejudiced him while Garcia stayed in pre-trial confinement for "over 31 months" waiting "for [these issues] to be properly addressed, defend[ed], and corrected."

responded, "[S]o just go ahead and sentence me, I mean, on whatever you feel in your heart right now." The district court commented on the enormity of Garcia's crimes and sentenced him to indeterminate prison terms of fifteen years to life on the first charge and three years to life on the second charge, to run consecutively. Garcia did not directly appeal the district court's judgment and order.

¶6     Instead, Garcia filed a petition for post-conviction relief. In his petition, he raises several claims, alleging once again that: (1) defense counsel was ineffective for failing to raise a statute of limitations defense; (2) defense counsel was ineffective for failing to adequately investigate—and for not properly preparing a defense—before pressuring Garcia to plead guilty; (3) Garcia's plea was not knowing and voluntary because he "was coerced [for] a number of reasons, including excessive bail, neglect, ineffective assistance of counsel, time coercion, threat[,] and duress"; (4) "the prosecution failed to disclose to the defendant" the applicable statute of limitations, including "the approximate date of the occurrences of the allege[d] crimes, and the correct age of the allege[d] victim"; and (5) Garcia was denied the right to appeal.

¶7     The State countered by moving for summary judgment. The post-conviction court granted the State's motion and denied Garcia's petition in its entirety. The court ruled that claims two, three, and four were procedurally barred because Garcia had already raised them in his pro se motions during the criminal proceedings. It further determined that all five of the claims were meritless. Garcia now appeals the post-conviction court's grant of summary judgment. We find his arguments unpersuasive and affirm.

ISSUE AND STANDARD OF REVIEW

¶8     We review a post-conviction court's grant of summary judgment for correctness, granting no deference to the lower

court. *Ross v. State*, 2012 UT 93, ¶ 18, 293 P.3d 345. We will affirm such a decision "when the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* (cleaned up); *see also* Utah R. Civ. P. 56(a). "In making this assessment, we view the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." *Ross*, 2012 UT 93, ¶ 18 (cleaned up).

ANALYSIS

¶9     In his post-conviction petition, Garcia raises several claims: ineffective assistance regarding a statute of limitations defense (Claim One); ineffective assistance regarding adequate investigation and proper preparation (Claim Two); failure to procure a knowing and voluntary plea (Claim Three); failure to disclose the applicable statute of limitations (Claim Four); and denial of the right to appeal (Claim Five). All five of Garcia's contentions fail for the following reasons: Claim One lacks merit; Claims Two, Three, and Four are procedurally barred; and Claim Five is not cognizable under Utah's Post-Conviction Remedies Act (the PCRA). We address each reason in turn.

I. Meritless Claim

¶10     Claim One contends that Garcia received ineffective assistance of counsel due to counsel's failure to assert a criminal statute of limitations defense. Garcia's argument fails for two reasons. First, Garcia conceded this issue during oral argument on the State's summary judgment motion. Second, even if he had not conceded it, his contention falls short because the statute of limitations (1) never began to run in this case, and (2) was abolished altogether in 2008, *compare* Utah Code Ann. § 76-1-305.5 (LexisNexis 2008), *with id.* § 76-1-303.5 (1999)—before the State charged Garcia with any offenses—allowing the State to bring charges at any time. Based on this nullification, any defense implicating the statute of limitations is meritless. *See*

*State v. Lusk*, 2001 UT 102, ¶ 28, 37 P.3d 1103 (holding that "[b]ecause statutes of limitations are procedural in nature, a legislative amendment enlarging a limitation period may be applied retroactively to crimes committed before the amendment where the limitations defense has not accrued to the defendant before the amendment becomes effective"); *Lucero v. State*, 2016 UT App 50, ¶¶ 1, 12, 369 P.3d 469 (holding that "the 2008 enactment enlarging the limitations period retroactively applied to the crimes . . . committed before 2008").

¶11    Further, even if the prior statute of limitations had applied, it would not have begun to run until Victim first reported the incident to law enforcement. *See* Utah Code Ann. § 76-1-303.5 (1999) (providing that a prosecution for sexual abuse of a child may be commenced "within four years after the report of the offense to a law enforcement agency"); *Lucero*, 2016 UT App 50, ¶¶ 1, 12 (holding that a "limitations defense had not accrued" since the "limitations period had not yet expired—let alone been triggered—because . . . [the crimes] had not been reported to a law enforcement agency at the time of the repeal of the earlier statute in 2008" (cleaned up)). Here, Victim did not report the crime until 2010, meaning that even under the prior statute, the State had until 2014 to file charges. Consequently, any defense implicating the statute of limitations lacks merit, rendering futile any argument on that basis. And the "failure of counsel to make motions or objections which would be futile if raised does not constitute ineffective assistance." *State v. Whittle*, 1999 UT 96, ¶ 34, 989 P.2d 52 (cleaned up). Accordingly, the post-conviction court correctly granted the State's summary judgment motion on Claim One.

## II. Procedural Bar

¶12 Garcia's petition alleges (1) ineffective assistance regarding investigation and adequate preparation (Claim Two), (2) failure to procure a knowing and voluntary plea (Claim Three), and (3) failure to disclose the applicable statute of limitations (Claim Four). Because Garcia raised all three of these

claims during the underlying criminal proceedings, the post-conviction court did not err in finding that the claims are procedurally barred.

¶13 A person may not obtain post-conviction relief under the PCRA for any claim that "was raised or addressed at trial or on appeal." Utah Code Ann. § 78B-9-106(1)(b) (LexisNexis Supp. 2017). Here, Garcia brought these claims to the district court's attention multiple times in motions prior to sentencing and again at the sentencing hearing. Accordingly, the State moved for summary judgment on these claims, invoking the procedural bar. By doing so, the State effectively shifted the burden to Garcia to disprove the procedural bar by a preponderance of the evidence. *See id.* § 78B-9-105(2); *Pinder v. State*, 2015 UT 56, ¶ 39, 367 P.3d 968 ("Because the State has invoked the procedural bar provisions of the PCRA, the burden to disprove the elements of procedural bar falls on [the petitioner].").

¶14 As evidenced by his own motions, Garcia raised these claims in the district court. Garcia raised his argument that he received ineffective assistance regarding adequate investigation (Claim Two) in his first two motions. And he raised both the adequacy of his plea (Claim Three) and the State's alleged failure to disclose the applicable statute of limitations (Claim Four) in his third motion—which attempted to withdraw his guilty plea.[4] Because Garcia raised these three claims during the original criminal proceedings, he has failed to show the applicability of any exception to the procedural bar. For this reason, the post-conviction court correctly granted the State's summary judgment motion on these claims.

---

4. Moreover, Garcia also raised, albeit briefly, Claims Two, Three, and Four at the sentencing hearing itself. There, the district court acknowledged Garcia's handwritten motions and specifically asked if there was "any other argument [Garcia would] like to make" before being sentenced.

### III. Not Cognizable Under the PCRA

¶15 Claim Five of Garcia's petition alleges denial of the right to appeal. However, denial of appeal is not a claim properly raised in a post-conviction petition. To claim that the right to appeal has been wrongfully denied, a petitioner must first file a *Manning* motion with the district court, which attempts to reinstate the time for appeal in the underlying criminal case. *See Manning v. State*, 2005 UT 61, ¶¶ 31, 36, 122 P.3d 628 (recognizing that an appeal from a "knowing and voluntary guilty plea . . . that expressly waives the right to appeal" may be undertaken "upon a defendant's motion," and that "the trial or sentencing court may reinstate the time frame for filing a direct appeal where the defendant can prove, based on facts in the record or determined through additional evidentiary hearings, that he has been unconstitutionally deprived, through no fault of his own, of his right to appeal"); *see also* Utah R. App. P. 4(f). Here, Garcia attempts to raise his denial of appeal claim, for the first time, in this post-conviction proceeding. Because he has not yet filed a *Manning* motion, the post-conviction court did not err in granting the State's summary judgment motion on Claim Five.

### CONCLUSION

¶16 For these reasons, we conclude that the post-conviction court did not err in granting the State's motion for summary judgment on all five of Garcia's claims.

¶17 Affirmed.

_____