**2021 UT App 30**

# THE UTAH COURT OF APPEALS

PAUL BRYANT,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Opinion
No. 20190556-CA
Filed March 18, 2021

Fourth District Court, Provo Department
The Honorable Kraig Powell
No. 170401608

Freyja Johnson and Emily Adams,
Attorneys for Appellant

Sean D. Reyes and Erin Riley,
Attorneys for Appellee

JUDGE GREGORY K. ORME authored this Opinion, in which
JUDGE DIANA HAGEN and SENIOR JUDGE KATE APPLEBY
concurred.[1]

ORME, Judge:

¶1 Paul Bryant appeals the district court's summary judgment ruling in favor of the State on his petition for relief under the Post-Conviction Remedies Act (the PCRA). Given Bryant's admissions and acknowledgments in his plea agreement and at a plea colloquy in the underlying criminal case, the court determined there was no genuine dispute of material fact. Bryant primarily challenges this determination,

---

1. Senior Judge Kate Appleby sat by special assignment as authorized by law. *See generally* Utah R. Jud. Admin. 11-201(6).

insisting that his later affidavit detailing his attorneys' alleged ineffective assistance created a dispute of material fact. We reject his argument and affirm.

## BACKGROUND[2]

¶2    In 2015, the State charged Bryant with fifteen counts of aggravated sexual abuse of a child and five counts of tampering with a witness, all third-degree felonies. Bryant subsequently entered into a plea agreement with the State. He agreed to plead guilty to three counts of attempted aggravated sexual abuse of a child. In exchange, the State agreed to drop the remaining charges and to recommend to the court that it stay the expected prison sentences and place him on probation for five years after he served two consecutive one-year jail terms.

¶3    In the plea agreement, Bryant acknowledged that he was acting "voluntarily" and that he had "fully discussed this plea agreement, [his] rights, and the consequences of [his] guilty pleas" with his attorneys and was "satisfied with the[ir] advice and assistance." Bryant also averred that he was "entering this plea of [his] own free will and choice"; that "[n]o force, threats, o[r] unlawful influence of any kind ha[d] been made to get [him] to plead guilty"; and that he was "of sound and discerning mind and . . . mentally capable of understanding these proceedings and the consequences of [his] plea." He likewise acknowledged that if he instead desired to plead not guilty, his case would be set for trial and that if he could not afford counsel, "an attorney [would] be appointed by the court at no cost to [him]."

---

2. "[W]hen reviewing a grant of summary judgment, we recite the disputed facts in a light most favorable to the nonmoving party." *Begaye v. Big D Constr. Corp.*, 2008 UT 4, ¶ 5, 178 P.3d 343.

¶4 During the plea colloquy, Bryant confirmed that he did not "need more time to talk to [his] attorneys" and that he was "satisfied with their representation." The factual basis for the plea was then read in open court, and Bryant acknowledged that "by pleading guilty [he was] admitting that is what happened." The court then accepted the plea agreement and followed the State's sentencing recommendation.

¶5 The next day, however, Bryant left a phone message for his attorneys, stating,

> I'm really struggling with this decision. Is there any way we can change it or do something? I'm just really having a tough time. Especially after being in court yesterday, it just doesn't feel right. It doesn't feel like we did the right thing. . . . I wanted my day in court. I don't know how to contact you. . . . Do I need to write you a letter? Do I write a letter to the judge? What do I do to fix this? It's just not right.

A few days later, Bryant spoke with his attorneys and asked whether there was a "way to change it or go fight it or something?" One of his attorneys told him, "No, there's not. . . . There's no way to withdraw your plea. You've already been sentenced."[3]

---

3. This advice was consistent with Utah Code section 77-13-6, which states, "A request to withdraw a plea of guilty or no contest, except for a plea held in abeyance, shall be made by motion before sentence is announced." Utah Code Ann. § 77-13-6(2)(b) (LexisNexis 2017). This important point was also covered in the written plea agreement and by the court during the plea colloquy.

¶6     Upon his release from jail, Bryant petitioned for post-conviction relief, arguing that his attorneys provided ineffective assistance and, as a result, his plea was not knowing and voluntary. Bryant alleged that his attorneys failed to investigate his case and prepare for trial, which led to his guilty plea because he "knew that if [he] did not accept this plea bargain that [he] was facing [multiple] counts of very serious criminal charges." Specifically, he alleged that his "[a]ttorneys did not respond to letters and answered no questions in writing that were put to them" and that they "interviewed only a few of the suggested witnesses," leaving "[m]any of the important witnesses" un-interviewed.

¶7     The State moved for summary judgment. It asserted that "Bryant's pleaded facts and proffered evidence . . . are insufficient as a matter of law to demonstrate that he is entitled to post-conviction relief" because they were "[m]ere self-serving statements contradicting [his] representations to the court during his plea hearing" that he was satisfied with the advice and assistance of his attorneys. In response, Bryant submitted a lengthy affidavit in which he claimed that his attorneys did not interview everyone he asked them to, were generally unprepared for trial, and pressured him to take the plea deal even though he "made it clear several times" that "[i]t was never an option." By the time he was offered the plea deal, he averred,

> I had spent all my money . . . to pay my attorneys—approximately $91,000.00. . . . I felt an incredible amount of frustration, pressure, confusion, despair, on top of which I felt that I had no choice but to comply with my attorneys. . . . I felt that my attorneys had failed me but, at that low point, I could not pay for new counsel to take on my case and my will was effectively overborne. I genuinely felt that I had no choice at that time but to take the deal.

¶8 The district court granted the State's summary judgment motion. It determined that "[e]ven assuming . . . that all of Bryant's allegations about his attorneys' actions are true, those facts cannot overcome the agreement that Bryant ratified to voluntarily waive his rights to trial." The court further noted that it "explicitly gave Bryant, prior to accepting his pleas, the opportunity to indicate whether or not he was satisfied with the performance of his attorneys [and he] answered that he was satisfied." The court noted that Bryant's plea agreement and his statements during the plea colloquy included acknowledgement that he was satisfied with his attorneys' assistance, that he understood what he was doing, and that he was pleading guilty because he was in fact guilty. Accordingly, the court concluded that "Bryant cannot establish that the performance of his attorneys fell below an objective standard of reasonableness" and thus there was no genuine dispute of material fact. Bryant appeals.

ISSUE AND STANDARD OF REVIEW

¶9 Bryant asserts that the district court erred in granting summary judgment in the State's favor.[4] "We review a

---

4. Bryant further argues that the district court erred in ruling that he could not establish ineffective assistance of counsel because he failed to move to withdraw his guilty plea or file an appeal in the underlying criminal case and also because his attorneys were able, through the plea agreement, to significantly reduce the number and severity of the charges against him. Because we conclude that Bryant does not provide legally sufficient reasons for why he should not be held to his plea colloquy statements and the signed plea agreement, no genuine dispute of material fact exists regarding Bryant's attorneys' effective assistance, and we have no occasion to reach these other issues.

post-conviction court's grant of summary judgment for correctness, granting no deference to the lower court." *Garcia v. State*, 2018 UT App 129, ¶ 8, 427 P.3d 1185. "We will affirm such a decision when the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* (quotation simplified).

## ANALYSIS

¶10  Under the PCRA, "a person who has been convicted and sentenced for a criminal offense may file an action in the district court . . . for post-conviction relief to vacate or modify the conviction or sentence upon" showing, among other things, "ineffective assistance of counsel in violation of the United States Constitution or Utah Constitution." Utah Code Ann. § 78B-9-104(1)(d) (LexisNexis 2018).[5] As part of this showing, "the petitioner has the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief." *Id.* § 78B-9-105(1)(a).

¶11  But when the State moves for summary judgment, it "bears the initial burden of showing that it is entitled to judgment and that there is no genuine issue of material fact that would preclude summary judgment in its favor." *Menzies v. State*, 2014 UT 40, ¶ 81, 344 P.3d 581 (quotation simplified). "Once the State makes that showing, the burden of proof then shifts to the nonmoving party . . . [to] set forth specific facts showing that there is a genuine issue for trial." *Id.* (quotation simplified). And "[i]n the context of a summary judgment motion in a PCRA proceeding premised on a claim of ineffective

---

5. Because the relevant provisions of the Utah Code in effect at the time Bryant filed his PCRA petition do not materially differ from those currently in effect, we cite the current version of the code for convenience.

assistance of counsel, [the petitioner] 'bears the burden of proving his underlying legal claims of ineffective assistance of counsel.'" *Jackson v. State*, 2015 UT App 217, ¶ 13, 359 P.3d 659 (quoting *Menzies*, 2014 UT 40, ¶ 81).

¶12    Here, the State met its burden by showing there is no genuine issue of material fact regarding whether Bryant received ineffective assistance of counsel. It did so by pointing to Bryant's signed plea agreement and statements he made during the plea colloquy in which he categorically stated that he was satisfied with his attorneys' representation.

¶13    Upon the State's satisfaction of its initial burden, the burden then shifted to Bryant to set forth specific facts showing that a genuine issue of fact existed for trial. This showing cannot be made in a free-wheeling way. Rather, Bryant's "affidavit cannot contradict his [signed plea agreement and] in-court responses to the district court's colloquy unless he provides an adequate reason for the contradiction."[6] *See Berrett v. State*, 2018

---

6. Bryant asserts that the district court "applied the wrong legal standard" when it ruled that "he 'lost his ability to argue that his attorneys were deficient in facilitating and consummating the plea agreement'" based on the signed plea agreement and his statements during the plea colloquy to the contrary. Bryant argues that "[s]tatements in plea proceedings are not an absolute bar to demonstrating that a petitioner is entitled to post-conviction relief because of ineffective assistance of counsel."

We disagree with Bryant's characterization of the court's ruling. We do not read it as categorically denying Bryant the opportunity to present adequate reasons for why he should be able to contradict his previous statements. Rather, we read the court's ruling as simply stating that based on the facts of this

(continued…)

UT App 55, ¶ 35, 420 P.3d 140. Thus, in this case, to demonstrate a genuine issue of material fact, Bryant must advance legally sufficient reasons for why he would, both in his written agreement and his plea colloquy, unqualifiedly and without hesitation inform the district court that he was satisfied with his attorneys' representation if these assertions were not, in fact, true.

¶14 Bryant's reasoning for why he would falsely inform the court that his attorneys provided competent representation, with which he was satisfied, is that he felt compelled "to say what was necessary to accept the plea because he was afraid of going to trial with an unprepared attorney and he could not afford to hire another attorney," having already paid $91,000 in attorney fees. These are not adequate reasons given the facts of this case.

¶15 As Bryant admits on appeal, he "discovered three weeks before trial that [his attorneys] had not investigated and '[were] not prepared to mount any kind of defense at trial.'" And yet, despite this knowledge, Bryant categorically informed the court that he was satisfied with his attorneys' assistance. On appeal, Bryant attempts to further show how unprepared his attorneys were, but most, if not all, of these facts were already known to him at the time he agreed to the plea deal. This is not a case, for example, in which a defendant's attorneys affirmatively assured him that they had done an investigation and then he found out later, after he had been sentenced, that they misrepresented what they had done to prepare. Rather, in this case, Bryant was well aware of their alleged unpreparedness *before* he accepted the plea deal, and yet he informed the court of his satisfaction with their representation and his desire to accept the plea deal. On

---

(…continued)
case, Bryant lost the ability to contradict the statements because his explanations for the inconsistency were inadequate.

this point, we agree with the State that "[m]ere self-serving statements contradicting [Bryant's] representations to the court during his plea hearing, without more, are insufficient" to create a genuine dispute of material fact. Rather than providing adequate reasons for misleading the court, Bryant appears to be suffering from buyer's remorse for taking the plea deal. But second thoughts are insufficient to excuse him from his plea agreement and to undercut his colloquy statements to the court.

¶16 If we accepted Bryant's explanation as adequate, we would be "condoning the practice by defendants of providing untruthful responses to questions during plea colloquies," which "we simply will not do." *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999). *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity" that "constitute a formidable barrier in any subsequent collateral proceedings."); *United States v. Scalzo*, 764 F.3d 739, 746 (7th Cir. 2014) ("But having admitted the facts in the Information through his plea agreement and through his answers to the court during his change-of-plea colloquy, Scalzo may not now deny them."); *Ramos*, 170 F.3d at 566 ("[T]he very serious nature of claims such as these mandates that a defendant must be bound to the answers he provides during a plea colloquy."). *Cf. Webster v. Sill*, 675 P.2d 1170, 1172–73 (Utah 1983) ("The purpose of summary judgment is not to weigh the evidence. But when a party takes a clear position in a deposition, that is not modified on cross-examination, he may not thereafter raise an issue of fact by his own affidavit which contradicts his deposition, unless he can provide an explanation of the discrepancy. A contrary rule would undermine the utility of summary judgment as a means for screening out sham issues of fact.") (quotation simplified).

¶17 Bryant's assertion that he felt compelled to take the plea deal because he could not afford a new attorney who would take his case to trial is also unavailing. The plea agreement specifically informed him that one of the rights he could invoke

if he rejected the plea deal was "that if [he] cannot afford one, an attorney will be appointed by the court at no cost to [him]." Thus, if he had become indigent, Bryant knew that he could request a new attorney at no cost to himself if he informed the court of his dissatisfaction with his attorneys' efforts and of his desire to proceed to trial. Bryant did not do so. Therefore, Bryant's claimed economic duress is not an adequate reason for allowing him to contradict the signed plea agreement and his statements during the plea colloquy.

CONCLUSION

¶18    Bryant has not provided adequate reasons for why he should not be held to his plea agreement and the statements he made during the plea colloquy. Therefore, there is no genuine issue of material fact and the district court did not err in granting the State's motion for summary judgment.

¶19    Affirmed.

———————